**PARK, Appellant,**

v.

**ACIERNO et al., Appellees.**

[Cite as *Park v. Acierno,* 160 Ohio App.3d 117, 2005-Ohio-1332.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 87.

Decided March 17, 2005.

118

James Lanzo, for appellant.

Christopher Newman, for appellees.

VUKOVICH, Judge.

{¶ 1} Plaintiff-appellant, Moon S. Park, appeals the decision of the Mahoning County Common Pleas Court that granted a motion to dismiss filed by defendants-appellees, Anthony and Joann Acierno. The issues presented to this court generally concern whether the trial court considered evidence outside of the pleadings, and more specifically, whether the trial court could view and find the terms of a settlement offer reasonable in order to conclude that a potential

purchaser of realty is not entitled to specific performance. For the following reasons, the judgment of the trial court dismissing appellant's action is reversed, and this case is remanded.

## STATEMENT OF THE CASE

{¶ 2} On September 29, 2003, appellant filed a complaint for specific performance of a real estate contract against appellees. He alleged that appellees, who are husband and wife, owned realty on Route 224 that they had agreed to sell to him, but when he attempted to close, they refused to complete the sale. Appellant also stated that he incurred expenses, including attorney fees. He claimed that he had no adequate remedy at law and that he will suffer damage in an amount that cannot be determined in money, as the property is unique. As remedies, appellant sought specific performance, costs of the action, and any other relief the court deemed appropriate. He attached what he alleged was the purchase agreement, which stated:

{¶ 3} "The purchase price for the property at 695 Boardman–Canfield Rd in Boardman, Oh. Mr. Moon Park and Anthony Acierno.

{¶ 4}    "$370,000.00

{¶ 5}    "<u>DEP. 2,000.00</u>

{¶ 6}    "BAL 368,000        UPPON [sic] BANK APPROVAL

{¶ 7}    "x Anthony Acierno [signature]      2-26-2003

{¶ 8}    "x Moon S. Park [signature]        2-26-2003"

{¶ 9} Appellant also attached a carbon page from his checkbook showing that a $2,000 payment was made to Anthony Acierno on February 26, 2003; the memorandum line described the check as a down payment for 695 Boardman–Canfield Road.

{¶ 10} Appellees responded to the complaint by filing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Appellees argued that the attachment was not a true contract and that it violated the Statute of Frauds because the only essential term it contained was the purchase price. Appellees noted that after February 26, 2003, they signed a form purchase agreement and offered it to appellant; they contended that this further negotiation demonstrated that the initial writing was not a binding contract. They attached this offer, which maintained the total sale price of $370,000 but required two separate down payments of $2,000 and $13,000 and the balance at closing, which was set at on or before January 10, 2004. Appellees framed the document attached to appellant's complaint as "merely establish[ing] the price of a potential sale."

{¶ 11} Appellees also pointed out that the writing relied upon by appellant was not signed by co-owner, Joann Acierno, but noted that the purchase agreement was signed by her. Finally, they argued that even if the writing satisfies the Statute of Frauds, specific performance is inappropriate because only the price is contained in the agreement. Besides attaching the offered purchase agreement, they also attached an affidavit of Anthony Acierno and a letter written by appellees' attorney to appellant's attorney on August 14, 2003, stating that appellant had ten days to sign the offered purchase agreement and until the end of August to "close the bike shop."

{¶ 12} On December 17, 2003, appellant opposed the motion to dismiss, arguing that it presented matters outside of his complaint. He cited Civ.R. 12(B), which requires the court to treat a motion to dismiss as a motion for summary judgment if it presents matters outside the pleading. Appellant then argued that the February 26, 2003 writing satisfied the Statute of Frauds and contained the essential terms.

{¶ 13} As to Joann Acierno, he argued that the question of whether Anthony Acierno was an agent for his wife is a factual question for determination at trial. Appellant attached his affidavit stating the facts surrounding the contract evidenced by the February 26, 2003 memorandum and stating that Anthony Acierno represented that he was the owner, he had authority to sell, and he was authorized by his wife to act as her agent.

{¶ 14} Appellant stated that he applied for a loan and is able to pay the purchase price. He also alleged that he incurred expenses due to the fact that the property was previously a gas station and he had to find tenants. Finally, he claimed that he was ready to close on September 11, 2003, but appellees were planning to sell to a third party.

{¶ 15} Appellees filed a reply in support of their dismissal motion and argued that appellant had failed to satisfy his reciprocal burden to avoid summary judgment. They reiterated that the February 26, 2003 writing did not contain the essential terms, such as a closing date and a definitive statement of intent to sell.

{¶ 16} On January 30, 2004, the trial court stated, "Motion to Dismiss and/or Motion for Summary Judgment is overruled as genuine issues of fact exist." On February 5, 2004, appellees sent a letter to appellant, stating that although they did not agree with the court's decision, they would allow appellant to close on the property by tendering $370,000 on February 26, 2004. The letter concluded by stating that as a condition of the sale, appellant had to dismiss the lawsuit with prejudice, with each party bearing his own costs and attorney's fees.

{¶ 17} On March 10, 2004, appellees filed a renewed motion to dismiss, with the February 5, 2004 letter attached. They incorporated their prior motion by reference and added arguments surrounding their recent offer of sale. Appellees alleged that appellant had failed to close as they had demanded. They thus concluded that appellant did not have the ability or intent to purchase the realty. Appellees also urged that they would suffer grave prejudice and injustice if appellant is permitted to continue to "tie up" their realty any longer.

{¶ 18} On March 29, 2004, a judgment entry was filed concerning a mediation conference scheduled for June. The next entry is an April 8, 2004 judgment entry granting appellees' renewed motion to dismiss. The court noted that appellant did not respond in writing but presented arguments "at the meeting" that appellees' February 5, 2004 offer to close on February 26, 2004, provided insufficient time to obtain financing. The court opined that appellees offered the realty to appellant "on terms that appear reasonable." The court then chastised appellant by stating in its judgment entry:

{¶ 19} "Plaintiff failed to meet the deadline imposed by Defendant, the seller of the property, in spite of the fact that this litigation for specific performance began in September 2003 and concerns Plaintiff's allegations that a written agreement for the sale and purchase of the subject property was made on or about February 26, 2003. Now, over one year later, Plaintiff has not obtained financing for the purchase of the subject property."

{¶ 20} The trial court then agreed with appellees' assertion that appellant cannot obtain financing or has failed to obtain financing within a reasonable time. The court also agreed that appellees would suffer grave prejudice if appellant can continue to "tie up" their property. Upon the trial court's dismissal, appellant filed timely notice of appeal to this court.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶ 21} Appellant sets forth the following three assignments of error, all alleging the trial court's dismissal order was improper:

{¶ 22} "The trial court erred by considering evidence outside of the complaint in ruling on the defendant-appellee's renewed 12(B)(6) motion."

{¶ 23} "The trial court erred by applying an arbitrary standard in reviewing the plaintiff-appellant's specific performance claim and by finding the terms dictated by the defendant's settlement offer reasonable without any other evidence thus denying the plaintiff-appellant his due process rights."

{¶ 24} "The trial court committed plain error by permitting the defendant-appellee to present an offer of compromise or attempt to compromise a claim

which is disputed to prove invalidity of the claim in violation of Evidence Rule 408 and public policy thus denying the plaintiff-appellant due process of law."

{¶ 25} Under the first assignment of error, appellant briefly argues that the complaint sets forth a legally sufficient claim to withstand a motion to dismiss, the court was not permitted to consider an offer of settlement that was outside the complaint, and there was no evidence that he could not obtain financing. Appellees respond that the trial court was permitted to convert the motion to dismiss into a motion for summary judgment, which would entitle the court to consider evidence outside the pleadings. Appellees conclude that they met their initial summary judgment burden, but appellant failed to meet his reciprocal burden to avoid summary judgment. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 26} Under the second assignment of error, appellant complains that the trial court presumed facts not in evidence, such as his pursuit of financing. Appellant also urges that his claim should not be disposed of due to a failure to obey appellees' command to buy the property within three weeks and to dismiss a lawsuit that seeks more than just specific performance. Appellees respond by claiming that appellant failed to prove he was ready, willing, and able to purchase the property, which is an element of specific performance.

{¶ 27} Under his third assignment of error, appellant cites Evid.R. 408 in support of his contention that the court cannot use settlement or compromise offers to prove liability or invalidity of a claim, noting the public policy to encourage settlement. Appellees respond by rephrasing their offer as an "offer of judgment" rather than an "offer of compromise."

## LAW AND ANALYSIS

{¶ 28} Pursuant to Civ.R. 12(B)(6), a defendant can make a motion to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. In order for the trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from a viewing of the complaint that the plaintiff can prove no set of facts entitling him to relief. *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186. Moreover, a complaint is not to be dismissed for failure to state a claim merely because plaintiff's legal theory is unsupported by the allegations; rather, the complaint can be dismissed only if the court finds that the allegations do not entitle the plaintiff to relief under any possible theory. Id.

{¶ 29} In reviewing the motion, the court must presume that all facts presented in the complaint are true. Id. Thus, the court cannot resort to evidence outside the complaint to support dismissal under Civ.R. 12(B)(6). An

exception to this prohibition is where certain written instruments are attached to the complaint. See Civ.R. 10(C) and (D). See, also, *Kaleda v. The Whitehurst Co.* (Aug. 25, 2000), 6th Dist. No. L–00–1048, 2000 WL 1205420; *Ohio Council 8 v. Ohio Dept. of Mental Health* (Dec. 2, 1982), 2d Dist. Nos. CA–7794, CA–7808, 1982 WL 3874; *Slife v. Kundtz Prop., Inc.* (1974), 40 Ohio App.2d 179, 185–186, 69 O.O.2d 178, 318 N.E.2d 557.

{¶ 30} If a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 156, 4 OBR 396, 447 N.E.2d 1285. See, also, *State ex rel. Boggs v. Springfield Local School Dist.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788 (failure to notify the parties of conversion is itself reversible error). Accordingly, the trial court was required to convert appellees' motion to dismiss to a motion for summary judgment before it could consider the February 5, 2004 letter.

{¶ 31} The Staff Note to Civ.R. 12 prefers denial over conversion when a Civ.R. 12(B)(6) motion attempts to rely on evidence outside of the complaint. This preference is because an answer and formal summary judgment motion is more procedurally normal and allows more time for development of various discovery matters that may be necessary for use in defending a summary judgment motion.

{¶ 32} Regardless, if the trial court decided to convert the motion in this case, it was required to give at least 14 days' notice to appellant as the nonmovant. *Petrey,* 4 Ohio St.3d at 156–157, 4 OBR 396, 447 N.E.2d 1285. There is no evidence of such conversion or notification in the record of this case as required by the Ohio Supreme Court and the Ohio Rules of Civil Procedure.

{¶ 33} Although appellees' renewed motion to dismiss incorporates by reference their prior motion to dismiss, that prior motion was never converted by the court with notice to appellant, either. In fact, appellant complained in his response to the prior motion that appellees' were asserting items outside of the record. (Appellees then seemed to attempt to convert their own motion in their reply where they contended that appellant had failed to meet a reciprocal burden.) Still, when filing their renewed motion, they insisted on calling it a motion to dismiss rather than a motion for summary judgment.

{¶ 34} Even if the court had properly converted the renewed motion, a letter attached to a motion is not the type of evidence envisioned by Civ.R. 56. This rule provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C). Here, no affidavit incorporated the February 5, 2004 demand letter. See *State ex rel. Boggs*, 72 Ohio St.3d at 97, 647 N.E.2d 788 (a letter does not fit into any of Civ.R. 56[C]'s categories).

{¶ 35} Moreover, after viewing the evidence in the light most favorable to appellant, reasonable minds could not come to a conclusion only in favor of appellees on all the various issues. For instance, appellees attempted to generate proof that appellant cannot succeed in a specific-performance suit by offering their own version of specific performance, with a closing date unilaterally chosen by their attorney.

{¶ 36} It has been stated that a party requesting specific performance must show he is ready, willing, and able to perform. *Center Ridge Ganley, Inc. v. Stinn* (July 17, 1986), 8th Dist. No. 51074, 1986 WL 7928, denial of specific performance *after a trial* was affirmed in (1987), 31 Ohio St.3d 310, 314, 31 OBR 587, 511 N.E.2d 106. Appellees contend appellant is not ready, willing, and able, but appellant counters that he is. The actual answer is one appropriate for trial. See, e.g., *Hackmann v. Dawley* (1995), 105 Ohio App.3d 363, 368, 663 N.E.2d 1342.

{¶ 37} Specifically, a reasonable mind could find that less than three weeks to close is unreasonable on a $370,000 commercial-property purchase, especially where appellees' own evidence attached to appellees' initial dismissal motion, in the form of a signed April 11, 2003 offer of sale, establishes that appellees originally offered to give appellant over a month to close and then changed this proposal to an offer giving appellant nine months to close, until January 4, 2004. Appellant did not sign their offer as he was content to rely on his February 26, 2003 agreement.

{¶ 38} Additionally, contrary to the trial court's implication, a reasonable mind could find that a financial institution is unlikely to hold open a $370,000 loan offer while the borrower attempts to sue the seller. Moreover, submitting to appellees' demand required giving up any potential rights in the lawsuit such as the costs and expenses incurred thus far (or even his potential right to amend his demand for relief to seek money damages as a legal remedy instead of or in addition to the equitable remedy of specific performance). Finally, the content and result of a settlement offer pending litigation should not be used to eradicate a specific-performance claim before trial. See Evid.R. 408 and the policy reasons behind it.

{¶ 39} We also point out that the trial court agreed with appellant that appellees' original motion to dismiss should be denied. Even if the trial court had properly converted that motion, the trial court found that there *were* genuine

issues for trial regarding the sufficiency of the writing and Statute of Frauds issues raised by appellees.

{¶ 40} Still, we shall make some final comments in case some of appellees' arguments on appeal could be construed as asking us to affirm the trial court's decision on their renewed motion on other grounds, e.g., those incorporated from the original dismissal motion. See App.R. 3(C)(2). First, as aforementioned, that motion was never converted with notification to appellant, and thus, we could not grant summary judgment on other grounds.

{¶ 41} Further, appellees' confidence in their arguments concerning the agreement's lacking essential terms and violating the Statute of Frauds is either highly overstated or underresearched. Appellee cites R.C. 1335.04 and 1335.05. Pursuant to R.C. 1335.04, an estate or interest in lands cannot be granted except by deed or written note, signed by the party granting it, or his agent lawfully authorized, by writing or by act and operation of law. R.C. 1335.05 then provides:

{¶ 42} "No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands * * * unless the agreement upon which the action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶ 43} The Statute of Frauds does not require the entire land purchase agreement to be reduced to writing. It has been stated that a memorandum satisfies the Statute of Frauds if it (1) identifies the subject matter, (2) establishes that a contract has been made, and (3) provides the essential terms with reasonable certainty. *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1994), 16 Ohio App.3d 342, 348, 16 OBR 391, 476 N.E.2d 388 (8th Dist.), citing *Jacobs v. Joseph E. Copp Co.* (1930), 123 Ohio St. 146, 151–152, 174 N.E. 353; *Kling v. Bordner* (1901), 65 Ohio St. 86, 61 N.E. 148, paragraph one of the syllabus.

{¶ 44} Contrary to appellees' contentions, the February 26, 2003 agreement does not lack essential terms. It names the street address of the property and the city and state in which the property is located. It names appellant and Anthony Acierno as the parties to the agreement and contains the signatures of each. It states a purchase price, a down payment, and a remaining balance. It provides that appellant is not obligated if he does not receive bank approval. It states the date on which the agreement was entered. An attachment to the complaint shows evidence of this down payment on that same day.

{¶ 45} A closing date is not a per se essential term required to validate a contract. Neither does the lack of a closing date mean that the remedy of specific performance is unavailable as a matter of law. Rather, if the agreement

does not contain a date as to when payment is to be made or performance is to be rendered, a reasonable time can be imposed. *Cionni v. Reid* (July 25, 1991), 7th Dist. No. 90J19, 1991 WL 139579 (usually such reasonableness is a question for the jury); *Walkana v. Hanna* (Oct. 28, 1988), 7th Dist. No. 87CA174, 1988 WL 117988. See, also, *Stern Ent. v. Plaza Theaters I & II, Inc.* (1995), 105 Ohio App.3d 601, 607, 664 N.E.2d 981 (11th Dist.); *Ranieri v. Terzano* (1983), 8 Ohio App.3d 438, 440, 8 OBR 563, 457 N.E.2d 906. Also see analysis, supra, dealing with reasonableness of setting a closing date only three weeks off.

{¶ 46} Moreover, the failure to specify "I hereby sell to you" does not mean that an intent to sell realty cannot be found in an agreement. The February 26, 2003 agreement provides reasonable minds with ample evidence of an intent by Anthony Acierno to sell the realty. The agreement uses the phrase "purchase price" in conjunction with a stated purchase price, down payment price, balance due, description of the property using an unambiguous mailing address, and signature by the party to be charged. Appellees' contention that the agreement evinces an intent only to set a purchase price for a potential future sale is debatable by rational minds, if not rejectable as disingenuous.

{¶ 47} Also, there are genuine issues of material fact regarding whether Anthony Acierno acted as agent for his wife. See *Thayer v. Luce* (1871), 22 Ohio St. 62, 78–79, 1871 WL 7 (stating that the principal may be sued even if the agent did not disclose the agency in the contract and signing). "The statute of frauds does not change the law as to the rights and liabilities of principals and agents, either as between themselves, or as to third persons." Id. at 78 (specifying that if the party named in the contract is a principal for himself and also an agent for another, the Statute of Frauds is not violated by the existence of an undisclosed principal). As the trial court originally held, the existence of the agency relationship is a question of fact. *McSweeney v. Jackson* (1996), 117 Ohio App.3d 623, 630, 691 N.E.2d 303.

## CONCLUSION

{¶ 48} In summary, a trial court cannot view evidence outside of the complaint and its proper attachments when ruling on a motion to dismiss under Civ.R. 12(B)(6). Rather, the court must either deny the motion or convert it to a motion for summary judgment after giving at least 14 days' notice. Where the motion to dismiss, which relies on evidence outside of the complaint, is granted without conversion and notification, the dismissal is reversible.

{¶ 49} Finally, even if the trial court had properly converted the motion, there exist genuine issues of material fact precluding summary judgment on the

sufficiency of the agreement, the Statute of Frauds, and the sufficiency of the claim for specific performance.

{¶ 50} For the foregoing reasons, the judgment of the trial court dismissing appellant's action is reversed, and this case is remanded for further proceedings according to law and consistent with this court's opinion.

Judgment reversed<br>and cause remanded.

GENE DONOFRIO, P.J., and DEGENARO, J., concur.