OPINION
{¶ 1} Plaintiffs-appellants, Helene Scardina, et al., appeal a decision of the Mahoning County Common Pleas Court dismissing their personal injury claims against defendant-appellee, Mouja Abu Ghannam, because they were filed beyond the statute of limitations.
 {¶ 2} On March 16, 2001, plaintiffs-appellants, Helene Scardina and Phyliss Balint, were in a traffic accident involving defendant-appellee, Mouja Abu Ghannam (Ghannam). Two years and nine days later on March 25, 2001, Helene and Phyliss, filed this personal injury action against Ghannam alleging he was negligent in causing the accident. Helene and Phyliss' respective spouses, John Scardina and Andrew Balint, joined them as plaintiff's setting forth claims of loss of consortium. An additional defendant was State Farm Insurance Company.
 {¶ 3} On May 1, 2003, appellee filed a motion to dismiss appellants' complaint alleging that appellants' complaint was barred by the two year statute of limitations and that the tolling provision did not apply to him because he was not an Ohio resident. In support of his motion, appellee attached photocopies of an Israeli driver's license and a Jordanian residence card. Appellants responded to appellee's motion asserting that it should be converted into a summary judgment since it contained exhibits or materials outside the pleadings. Appellants also questioned the veracity of appellee's representations regarding his citizenship without the benefit of discovery. Appellee filed a reply to appellants' response reasserting his entitlement to relief.
 {¶ 4} On June 26, 2003, the trial court granted appellee's motion finding that appellants' claims had been filed beyond the applicable statute of limitations and that they had also failed to establish a valid exception to the limitations statute. Appellants' claims against State Farm were ultimately resolved and they were dismissed from the case. This appeal followed.
 {¶ 5} Appellants' sole assignment of error states:
 {¶ 6} "The trial court erred in granting Abu Ghannam's Motion to Dismiss pursuant to Civil Rule 12(B)(6) when the complaint contained a set of factual allegations that, when presumed true and all reasonable inferences were made in her favor, entitled her to relief she requested."
 {¶ 7} Personal injury actions are governed by a two year statute of limitations. R.C. 2305.10. R.C. 2305.15(A) creates an exception to the statute of limitations which states:
 {¶ 8} "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."
 {¶ 9} In this case, appellants attempted to utilize this exception thereby bringing their complaint within the statute of limitations. In particular, in paragraph twelve of their complaint appellants averred:
 {¶ 10} "Plaintiffs state that during the time period between March 16, 2001 and the present day, Defendant Abu Ghannam temporary [sic] left the State of Ohio for non-business purposes."
 {¶ 11} Appellants' also initially complain that the documentation attached to appellee's motion to dismiss establishing his Jordanian citizenship impermissibly turned that motion into one for summary judgment.
 {¶ 12} "Pursuant to Civ.R. 12(B)(6), a defendant can make a motion to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. In order for the trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from a viewing of the complaint that the plaintiff can prove no set of facts entitling him to relief. Fahnbullehv. Strahan (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186. Moreover, a complaint is not to be dismissed for failure to state a claim merely because plaintiff's legal theory is unsupported by the allegations; rather, the complaint can be dismissed only if the court finds that the allegations do not entitle the plaintiff to relief under any possible theory. Id.
 {¶ 13} "In reviewing the motion, the court must presume that all facts presented in the complaint are true. Id. Thus, the court cannot resort to evidence outside the complaint to support dismissal under Civ.R. 12(B)(6). An exception to this prohibition is where certain written instruments are attached to the complaint. See Civ.R. 10(C) and (D). See, also, Kaleda v. The Whitehurst Co. (Aug. 25, 2000), 6th Dist. No. L-00-1048, 2000 WL 1205420; Ohio Council 8 v. Ohio Dept. of MentalHealth (Dec. 2, 1982), 2d Dist. Nos. CA-7794, CA-7808, 1982 WL 3874;Slife v. Kundtz Prop., Inc. (1974), 40 Ohio App.2d 179, 185-186, 69 O.O.2d 178, 318 N.E.2d 557.
 {¶ 14} "If a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56. Petrey v. Simon (1983),4 Ohio St.3d 154, 156, 4 OBR 396, 447 N.E.2d 1285. See, also, State exrel. Boggs v. Springfield Local School Dist. (1995), 72 Ohio St.3d 94, 96,647 N.E.2d 788 (failure to notify the parties of conversion is itself reversible error)." Park v. Acierno, 160 Ohio App.3d 117, 2005-Ohio-1332,826 N.E.2d 324, at ¶ 28 — 30. Therefore, the trial court was required to convert appellee's motion to dismiss to a motion for summary judgment before it could consider appellee's attachments.
 {¶ 15} "The Staff Note to Civ.R. 12 prefers denial over conversion when a Civ.R. 12(B)(6) motion attempts to rely on evidence outside of the complaint. This preference is because an answer and formal summary judgment motion is more procedurally normal and allows more time for development of various discovery matters that may be necessary for use in defending a summary judgment motion." Id. at ¶ 31.
 {¶ 16} Regardless, if the trial court decided to convert the motion in this case, it was required to give at least 14 days' notice to appellant as the nonmovant. Id. at ¶ 32. There is no evidence of such conversion or notification in the record of this case as required by the Ohio Supreme Court and the Ohio Rules of Civil Procedure.
 {¶ 17} Additionally, if the court had properly converted appellee's motion to dismiss into one for summary judgment, the purported photocopies of appellee's Israeli driver's license and Jordanian residence card are not the type of evidence envisioned by Civ.R. 56. This rule provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C). Here, no affidavit incorporated appellee's photocopied attachments.
 {¶ 18} In summary, a trial court cannot view evidence outside of the complaint and its proper attachments when ruling on a motion to dismiss under Civ.R. 12(B)(6). Rather, the court must either deny the motion or convert it to a motion for summary judgment after giving at least 14 days' notice. Where the motion to dismiss, which relies on evidence outside of the complaint, is granted without conversion and notification, the dismissal is reversible.
 {¶ 19} Accordingly, appellant's sole assignment of error is with merit.
 {¶ 20} The judgment of the trial court is hereby reversed and this matter remanded for further proceedings according to law and consistent with this opinion.
Waite, J., concurs.
DeGenaro, J., concurs.