OPINION
{¶ 1} Plaintiff-appellant, Moon S. Park, appeals the decision of the Mahoning County Common Pleas Court that granted a motion to dismiss filed by defendants-appellees, Anthony and Joann Acierno.
 {¶ 2} On September 29, 2003, appellant filed a complaint for specific performance of a real estate contract against appellees.[1] He alleged that appellees, who are husband and wife, owned realty on Route 224 that they had agreed to sell to him, but when he attempted to close, they refused to complete the sale. Appellant also stated that he incurred expenses, including attorney fees. He claimed that he had no adequate remedy at law and that he will suffer damage in an amount that cannot be determined in money, as the property is unique. As remedies, appellant sought specific performance, costs of the action, and any other relief the court deemed appropriate. He attached what he alleged was the purchase agreement, which stated:
 {¶ 3} "The purchase price for the property at 695 Boardman-Canfield Rd in Boardman, Oh. Mr. Moon Park and Anthony Acierno.
 {¶ 4} "$370,000.00
 {¶ 5} "DEP. 2,000.00
 {¶ 6} "BAL 368,000 UPPON [sic] BANK APPROVAL
 {¶ 7} "x Anthony Acierno [signature] 2-26-2003
 {¶ 8} "x Moon S. Park [signature] 2-26-2003"
 {¶ 9} Appellant also attached a carbon page from his checkbook showing that a $2,000 payment was made to Anthony Acierno on February 26, 2003; the memorandum line described the check as a down payment for 695 Boardman-Canfield Road.
 {¶ 10} Appellees responded to the complaint by filing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Appellees argued that the attachment was not a true contract and that it violated the Statute of *Page 2 
Frauds because the only essential term it contained was the purchase price. Appellees noted that after February 26, 2003, they signed a form purchase agreement and offered it to appellant; they contended that this further negotiation demonstrated that the initial writing was not a binding contract. They attached this offer, which maintained the total sale price of $370,000 but required two separate down payments of $2,000 and $13,000 and the balance at closing, which was set at on or before January 10, 2004. Appellees framed the document attached to appellant's complaint as "merely establishing] the price of a potential sale."
 {¶ 11} Appellees also pointed out that the writing relied upon by appellant was not signed by co-owner, Joann Acierno, but noted that the purchase agreement was signed by her. Finally, they argued that even if the writing satisfies the Statute of Frauds, specific performance is inappropriate because only the price is contained in the agreement. Besides attaching the offered purchase agreement, they also attached an affidavit of Anthony Acierno and a letter written by appellees' attorney to appellant's attorney on August 14, 2003, stating that appellant had ten days to sign the offered purchase agreement and until the end of August to "close the bike shop."
 {¶ 12} On December 17, 2003, appellant opposed the motion to dismiss, arguing that it presented matters outside of his complaint. He cited Civ.R. 12(B), which requires the court to treat a motion to dismiss as a motion for summary judgment if it presents matters outside the pleading. Appellant then argued that the February 26, 2003 writing satisfied the Statute of Frauds and contained the essential terms.
 {¶ 13} As to Joann Acierno, he argued that the question of whether Anthony Acierno was an agent for his wife is a factual question for determination at trial. Appellant attached his affidavit stating the facts surrounding the contract evidenced by the February 26, 2003 memorandum and stating that Anthony Acierno represented that he was the owner, he had authority to sell, and he was authorized by his wife to act as her agent.
 {¶ 14} Appellant stated that he applied for a loan and is able to pay the *Page 3 
purchase price. He also alleged that he incurred expenses due to the fact that the property was previously a gas station and he had to find tenants. Finally, he claimed that he was ready to close on September 11, 2003, but appellees were planning to sell to a third party.
 {¶ 15} Appellees filed a reply in support of their dismissal motion and argued that appellant had failed to satisfy his reciprocal burden to avoid summary judgment. They reiterated that the February 26, 2003 writing did not contain the essential terms, such as a closing date and a definitive statement of intent to sell.
 {¶ 16} On January 30, 2004, the trial court stated, "Motion to Dismiss and/or Motion for Summary Judgment is overruled as genuine issues of fact exist." On February 5, 2004, appellees sent a letter to appellant, stating that although they did not agree with the court's decision, they would allow appellant to close on the property by tendering $370,000 on February 26, 2004. The letter concluded by stating that as a condition of the sale, appellant had to dismiss the lawsuit with prejudice, with each party bearing his own costs and attorney's fees.
 {¶ 17} On March 10, 2004, appellees filed a renewed motion to dismiss, with the February 5, 2004 letter attached. They incorporated their prior motion by reference and added arguments surrounding their recent offer of sale. Appellees alleged that appellant had failed to close as they had demanded. They thus concluded that appellant did not have the ability or intent to purchase the realty. Appellees also urged that they would suffer grave prejudice and injustice if appellant is permitted to continue to "tie up" their realty any longer.
 {¶ 18} On March 29, 2004, a judgment entry was filed concerning a mediation conference scheduled for June. The next entry is an April 8, 2004 judgment entry granting appellees' renewed motion to dismiss. The court noted that appellant did not respond in writing but presented arguments "at the meeting" that appellees' February 5, 2004 offer to close on February 26, 2004, provided insufficient time to obtain financing. The court opined that appellees offered the realty to appellant "on terms that appear reasonable." The court then chastised appellant by stating in its *Page 4 
judgment entry:
 {¶ 19} "Plaintiff failed to meet the deadline imposed by Defendant, the seller of the property, in spite of the fact that this litigation for specific performance began in September 2003 and concerns Plaintiffs allegations that a written agreement for the sale and purchase of the subject property was made on or about February 26, 2003. Now, over one year later, Plaintiff has not obtained financing for the purchase of the subject property."
 {¶ 20} The trial court then agreed with appellees' assertion that appellant cannot obtain financing or has failed to obtain financing within a reasonable time. The court also agreed that appellees would suffer grave prejudice if appellant can continue to "tie up" their property. Upon the trial court's dismissal, appellant filed timely notice of appeal to this Court. Based on procedural irregularities and our conclusion that genuine issues of material fact existed which precluded summary judgment, this Court reversed and remanded the matter for further proceedings. Park v. Acierno, 160 Ohio App.3d 117,2005-Ohio-1332, 826 N.E.2d 324.
 {¶ 21} Upon remand from this Court, a magistrate held a trial on the merits of appellant's claim for specific performance on September 9, 2005. The magistrate found that Anthony Acierno had not acted as an agent for his wife, Joann Acierno. Absent her signature on the purchase agreement, the magistrate concluded that the writing did not comport with the Statute of Frauds and found in favor of appellees. Appellant filed objections to the magistrate's decision and the trial court held a hearing on those objections on November 3, 2005. On November 16, 2005, the trial court adopted the magistrate's decision as its own and also found in favor of appellees. This second appeal now follows.
 {¶ 22} Appellant's sole assignment of error states:
 {¶ 23} "The Court erred in adopting the decision of the magistrate as the agency relationship between the Defendants herein is established by ratification."
 {¶ 24} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as *Page 5 
being against the manifest weight of the evidence." C.E. Morris Co.v. Foley Constr Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261,376 N.E.2d 578, syllabus. See, also, Gerijo, Inc. v. Fairfield
(1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533. The court "must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts." Gerijo, 70 Ohio St.3d at 226, 638 N.E.2d 533
(citing Seasons Coal Co., Inc. v. Cleveland [1984],10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273). "In the event the evidence is susceptible to more than one interpretation, [the court] must construe it consistently with the lower court's judgment." Id. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., 10 Ohio St.3d at 80, 10 OBR 408,461 N.E.2d 1273.
 {¶ 25} Appellant argues that an agency relationship was established between Anthony Acierno and Joann Acierno through Joann's ratification of Anthony's actions in signing the purchase agreement. Appellant argues that by failing to repudiate the actions taken by her husband, she affirmatively ratified them. As further evidence of ratification, appellant also asserts that it is undisputed that Joann signed and initialed in various places on the more formalized version of the original writing signed by her husband, which contained identical terms.
 {¶ 26} Appellees argue that the February 26, 2003 "napkin agreement," which is the only writing which appellant seeks to enforce against appellees, fails to satisfy the elements required under the Statute of Frauds. Appellees argue that it is undisputed that Joann Acierno did not sign that writing and that the document must satisfy the Statute of Frauds on its own, without reference to subsequent documents that she may have signed.
 {¶ 27} Pursuant to R.C. 1335.04, an estate or interest in lands cannot be granted except by deed or written note, signed by the party granting it, or his agent lawfully authorized, by writing or by act and operation of law. R.C. 1335.05 then *Page 6 
provides:
 {¶ 28} "No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands * * * unless the agreement upon which the action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other personthereunto by him or her lawfully authorized." (Emphasis added.)
 {¶ 29} At trial, the only testimony presented was that of appellant and defendant-appellee, Anthony Acierno, who each testified in their own behalf. After reviewing the trial testimony and evidence, it is clear that Joann Acierno is co-owner of the subject property and that she didnot sign the February 26, 2003 "napkin agreement," which appellant purports to constitute the purchase agreement. Absent Joann Acierno's signature on the purported purchase agreement, appellant was left to prove by a preponderance of the evidence that Anthony Acierno was acting as his wife's agent and the authority to bind her to the agreement by signing it on her behalf.
 {¶ 30} "A well-settled doctrine of the law of agency is that a principal may ratify the acts of its agent performed beyond the agent's scope of authority, and such ratification relates back to the time of performance of the acts and binds the principal from that time."State v. Warner (1990), 55 Ohio St.3d 31, 65, 564 N.E.2d 18. This doctrine has been equally applied to the situation where the parties sought to be charged are husband and wife. Society Natl. Bank v.Kienzle (1983), 11 Ohio App.3d 178, 11 OBR 271, 463 N.E.2d 1261.
 {¶ 31} Again, after reviewing the trial testimony and evidence, there is no evidence to suggest, let alone prove by a preponderance of the evidence, that Anthony Acierno had the authority to bind his wife to the purported purchase agreement. Nor did appellant present any evidence to establish that Joann Acierno ratified her husband's actions regarding the agreement.
 {¶ 32} Appellant asserts that a standard form real estate purchase agreement signed by Joann Acierno subsequent to the February 26, 2003 "napkin agreement" *Page 7 
was proof of her ratification of that agreement. Appellant's argument in that regard is flawed. The February 26, 2003 "napkin agreement" is the only writing upon which appellant based his claim for specific performance. As already indicated, that agreement did not satisfy the Statute of Frauds because Joann Acierno did not sign it. Moreover, Joann Acierno's signature on the subsequent purchase agreement was never authenticated. Inexplicably, she was not called to testify at the trial.
 {¶ 33} Aside from the lack of evidence that Joann Acierno ratified her husband's actions regarding the February 26, 2003 "napkin agreement," testimony presented at trial also established that appellant was unable to complete a purchase agreement even if one existed. While he had sought out financing, he did not obtain final bank approval and it was unclear whether he would have been able to.
 {¶ 34} Additionally, it is important to note that the only remedy appellant seeks in his complaint is specific performance. Courts have held that specific performance is unavailable where one spouse's signature on a purchase agreement for real estate is absent, even if that spouse holds only a dower interest in the subject real estate. SeeCaple v. Craine (1917), 10 Ohio App. 461; Benham v. Mitchell (Sept. 22, 1989), 6th Dist. No. L-89-032. Rather, appellant's remedy lies in an action for breach of contract. Caple, 10 Ohio App. at 469.
 {¶ 35} In sum, the trial court's decision was supported by some competent, credible evidence and was therefore not against the manifest weight of the evidence.
 {¶ 36} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 37} The judgment of the trial court is hereby affirmed.
Vukovich, J., and Reader, J., concurs.
[1] A portion of the facts and procedural history that follows is borrowed verbatim from this Court's opinion in Park v. Acierno,160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324. *Page 1