[Cite as *Calin v. Nemes*, 2012-Ohio-1409.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GHEORGE CALIN, et al., | ) | |
| | ) | CASE NO. 11 MA 12 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| GHEORGE NEMES, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 10 CV 235.


JUDGMENT:                        Reversed and Remanded.


APPEARANCES:
For Plaintiffs-Appellants:        Attorney Jeremy Teaberry
                                  Attorney Richard Thomas
                                  6 Federal Plaza Central
                                  Suite 1300
                                  Youngstown, OH 44503-1473

For Defendants-Appellees:         No Brief Filed.




JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                                  Dated: March 22, 2012

[Cite as *Calin v. Nemes*, 2012-Ohio-1409.]
DeGenaro, J.

{¶1} Plaintiffs-Appellants Gheorghe and Elena Calin appeal the December 22, 2010 judgment of the Mahoning County Common Pleas Court dismissing their complaint against Defendants-Appellees, Gheorghe and Elena Nemes, on res judicata grounds. Appellants contend that Appellees waived the defense of res judicata, that the court erred by disposing the case via a Civ.R. 12(B)(6) motion, and that substantively res judicata is inapplicable to this case.

{¶2} Upon review, Appellants' sole assignment of error is meritorious in part. The trial court erred by dismissing the complaint via a Civ.R. 12(B)(6) motion because it relied upon documents outside of the pleadings, which is improper absent conversion of the motion to a Civ.R. 56 motion for summary judgment. Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings.

## Facts and Procedural History

{¶3} On July 2, 2007, Appellants contracted to purchase real estate from Appellees. Pursuant to this contract, Appellants made a $15,000 down payment to Appellees. Because Appellants could not obtain financing, the sale never closed.

{¶4} On June 15, 2009, Appellants filed a complaint for breach of contract against Appellees, alleging that Appellees breached the purchase agreement by failing to return their down payment pursuant to Article 2(d) of the contract.

{¶5} Appellees filed an Answer, which, among other things, listed "estoppel and waiver" as an affirmative defense. Appellees also filed a counterclaim for breach of contract. Because the counterclaim prayed for damages in excess of $25,000, the case, which had originally been filed in Mahoning County Court No. 5, was transferred to the Court of Common Pleas.

{¶6} Appellees filed a motion to dismiss based upon res judicata and/or issue preclusion. Therein, they asserted that Appellants were barred from asserting the breach of contract claim by virtue of a settlement entry in a separate Mahoning County case, 07CV4382, involving the same plaintiffs and defendants. Appellees asserted that the claims in both suits arose from the same core of operative facts and that therefore the judgment entry in the 07 case operates as res judicata to the present action. They attached the pertinent 07CV4382 judgment entry to the motion to dismiss. Appellants

filed a brief in opposition.

**{¶7}** On December 22, 2010, the trial court sustained the motion to dismiss, agreeing that the case was precluded by the doctrines of res judicata and collateral estoppel by virtue of the judgment entered in Case Number 07CV4382, and therefore dismissing Appellants' Complaint with prejudice. This timely appeal followed. Appellees failed to file a brief in this matter, and thus this court may "accept the appellants statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

### Res Judicata Defense

**{¶8}** In their sole assignment of error, Appellants assert:

**{¶9}** "The trial court erred, as a matter of law, by granting Appellees' Motion to Dismiss Appellants' Complaint."

**{¶10}** Appellees failed to specify under which section of Civ.R. 12(B) they were bringing their motion to dismiss. The only applicable section would be Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. An appellate court reviews a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, at ¶5. In conducting the de novo review, we must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

**{¶11}** Appellants claim the trial court erroneously dismissed their complaint for three reasons: (1) Appellees waived the res judicata defense by failing to raise it in their answer; (2) a motion to dismiss is not a proper vehicle to raise res judicata; and, (3) Appellees' res judicata defense fails on the merits.

**{¶12}** With regard to the first issue, Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata, * * * and any other matter constituting an avoidance or affirmative defense." Civ.R. 8(C). Affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in a responsive pleading, pursuant to Civ.R. 8(C), or in an amendment to the pleadings under Civ.R. 15. *Jim's Steakhouse, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 20, 688 N.E.2d 506. Res

judicata is not one of the defenses enumerated in Civ.R. 12(B), and thus it must be pled in the answer or it is waived.

**{¶13}** Here, although Appellants did not specifically use the term "res judicata," in their answer, they did list "estoppel and waiver," as affirmative defenses. The term estoppel could be possibly construed to mean collateral estoppel which is a subcategory of res judicata. See *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226 ("The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).") In keeping with Civ.R. 8(F)'s mandate that "[a]ll pleadings shall be so construed as to do substantial justice," this court concludes that the defense was not waived.

**{¶14}** Moving on to Appellants' second argument, they are correct that a motion to dismiss is generally not the proper vehicle in which to raise res judicata. "Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. The reason behind this holding is that the res judicata "defense must be proved with evidence outside of the pleadings." *Powell v. Wal-Mart Stores, Inc.,* 8th Dist. No. 93707, 2010-Ohio-5233, at ¶11.

**{¶15}** The trial court *could have* converted the motion to dismiss to a Civ.R. 56 motion for summary judgment; in that case it would have been proper to rely upon evidence outside the pleadings. See *Thomas v. Arm Food, Inc.*, 8th Dist. No. 82863, 2003-Ohio-6925, at ¶6, citing *Powell v. Vorys* (1998), 131 Ohio App.3d 681, 723 N.E.2d 596. See, also, Civ.R. 12(B) and Civ.R. 56. However, that did not occur here. There is nothing in the record indicating that the trial court converted the motion. And even if the trial court had decided to convert the motion it would have been required to give at least 14 days' notice to Appellants as the non-movants, which it also failed to do. *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324, at ¶32, citing *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 156-157, 447 N.E.2d 1285.

**{¶16}** "A trial court cannot view evidence outside of the complaint and its proper attachments when ruling on a motion to dismiss under Civ.R. 12(B)(6). Rather, the court

must either deny the motion or convert it to a motion for summary judgment after giving at least 14 days notice. Where the motion to dismiss, which relies on evidence outside of the complaint, is granted without conversion and notification, the dismissal is reversible." *Scardina v. Ghannam*, 7th Dist. No. 04-MA-81, 2005-Ohio-3315, at ¶18.

**{¶17}** For this narrow procedural reason the trial court improperly dismissed Appellants' complaint. As a result, it is premature for this court to make a substantive ruling on the merits of the res judicata defense.

**{¶18}** Accordingly, Appellants' sole assignment of error is meritorious, in part. The judgment of the trial court is reversed and the cause remanded for further proceedings.

Waite, P.J., concurs.

Vukovich, J., concurs.