[Cite as *State ex rel. Nealey v. McAllister*, 2025-Ohio-1630.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. DeAndre Nealey, | : | |
| Relator, | : | |
| | : | No. 24AP-608 |
| v. | : | (REGULAR CALENDAR) |
| Mike McAllister, Judge et al., | : | |
| Respondents.] | : | |

D E C I S I O N

Rendered on May 6, 2025

**On brief:** *DeAndre Nealey*, pro se.

**On brief:** *Zachary M. Klein*, City Attorney, and *Dexter W. Dorsey*, for respondents.

IN MANDAMUS

EDELSTEIN, J.

{¶ 1}  Relator, DeAndre Nealey, initiated this original action seeking a writ of mandamus that orders respondent, Franklin County Municipal Court Judge Bill Hedrick, to stay the underlying eviction action (which has already been adjudicated), voids Judge Hedrick's prior rulings in the eviction action, disqualifies Judge Hedrick from presiding over the eviction case, and refers the eviction case to the Clerk's office for reassignment. Although named as respondents in the mandamus petition, Mr. Nealey does not make any allegations against or seek any relief from Judge Mike McAllister, Judge Mark Hummer, and Magistrate Danielle Sparks.  Respondents have moved this court to dismiss Mr. Nealey's petition for lack of subject-matter jurisdiction and failure to state a claim for which relief can be granted.

{¶ 2}  Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate.  The magistrate issued the appended

decision on February 4, 2025, including findings of fact and conclusions of law. In that decision, the magistrate determined that, construing all factual allegations in the petition as true and making all reasonable inferences in favor of Mr. Nealey, Mr. Nealey cannot show a clear legal right to the requested relief or a clear legal duty on the part of respondents to provide such relief. Additionally, the magistrate determined Mr. Nealey failed to comply with R.C. 2731.04 because he did not bring the instant petition in the name of the state on the relation of relator. Moreover, the magistrate observed that the exclusive remedy for seeking Judge Hedrick's removal was to file an affidavit of disqualification with the Clerk of the Supreme Court of Ohio as directed by R.C. 2701.03.

{¶ 3} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). The case is now before this court for review.

{¶ 4} Based on the foregoing and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we grant respondents' motion to dismiss relator's petition for a writ of mandamus.

*Motion to dismiss granted*;
*case dismissed*.

BEATTY BLUNT and DINGUS, JJ., concur.

———————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. DeAndre Nealey, | : | |
| Relator, | : | |
| | : | No. 24AP-608 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mike McAllister, Judge, et al., | : | |
| Respondents.] | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 4, 2025

*DeAndre Nealey*, pro se.

*Zach Klein*, City Attorney, and *Dexter W. Dorsey*, for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5} Relator, DeAndre Nealey, has filed with this court a pleading entitled "VERIFIED PETITION FOR WRIT OF MANDATE TO DISQUALIFY JUDGE UNDER CCP 170.1 CHAL-LENGE (CCP §1085, 170.3(6)(d)), AND STAY," which this court has construed as a petition for writ of mandamus. Relator has named the following respondents: Judge Mike McCallister of the Franklin County Municipal Court of the Sixth Circuit Court; Judge Mark Hummer of the Franklin County Municipal Court of the Sixth Circuit Court; Bill Hedrick of the Franklin County Municipal Court of the Sixth Circuit Court; and Magistrate Danielle Sparks of the Franklin County Municipal Court of the Sixth Circuit. In the pleading, relator requests that this court provide the following relief: issue an emergency

temporary stay of proceedings to prevent Judge Hedrick, who should recuse himself but refuses to do so, from proceeding in the clear absence of authority; instruct Judge Bill Hedrick, assigned judge for all purposes, to be disqualified for cause and conflict of interest under 2701.031 and take no further action in this matter; order the matter be referred to the judicial counsel for reassignments; and void Judge Hedrick's previous order reinstating the eviction and setout. Respondents have filed a motion to dismiss relator's petition.

Findings of Fact:

**{¶ 6}** 1. Relator alleges that respondents Judges McCallister, Hummer, and Hedrick are judges in the Franklin County Municipal Court, and Magistrate Sparks is a magistrate in the Franklin County Municipal Court.

**{¶ 7}** 2. In his petition, relator alleges that on September 28, 2024, he learned of facts disqualifying Judge Hedrick in the underlying eviction proceeding in the Franklin County Municipal Court, Franklin County Municipal Court Number 24 CVG 36901. He claims Judge Hedrick has a conflict of interest as a "trustee" and a "division" of the State of Ohio, a party to the eviction proceedings. Relator claims that Judge Hedrick's affiliation with the State of Ohio would compromise his ability to be impartial in the eviction proceedings, potentially subjecting him to pressures from the State of Ohio by virtue of his position. Relator asserts that Judge Hedrick refused to recuse himself because a disqualification motion that was filed in the eviction action was untimely.

**{¶ 8}** 3. Relator's petition indicates relator's name as the petitioner and does not name the State of Ohio.

**{¶ 9}** 4. On October 11, 2024, relator filed a motion for immediate action.

**{¶ 10}** 5. On November 1, 2024, respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

**{¶ 11}** 6. On November 6, 2024, relator filed a motion to exercise and claim constitutional rights.

Conclusions of Law and Discussion:

**{¶ 12}** The magistrate recommends that this court grant respondents' motion to dismiss.

**{¶ 13}** In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

**{¶ 14}** A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10, (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, No. 11AP-518, 2012-Ohio-4409, ¶ 31 (10th Dist.), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

**{¶ 15}** R.C. 2731.04 provides that an "[a]pplication for the writ of mandamus must be * * * in the name of the state on the relation of the person applying." Although the failure to name the State of Ohio on the relation in a petition is grounds for dismissal, *see Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 35-36, a relator may seek leave to amend the complaint to comply with R.C. 2731.04. *Id.*

**{¶ 16}** In the present case, even after presuming all factual allegations contained in relator's petition are true and making all reasonable inferences in favor of relator, relator cannot show a clear legal right to the requested relief or a clear legal duty on the

part of respondents to provide such relief. Initially, relator's petition does not comply with the requirement in R.C. 2731.04 that an application for writ of mandamus must be brought in the name of the state on the relation of the person applying. Relator's petition contains only his name as the relator. The petition was not brought in the name of the state on the relation of relator. Relator has also not sought leave to amend his petition to name the state on the relation of relator. Therefore, dismissal is warranted on this ground alone.

{¶ 17} Notwithstanding, relator's present petition would also be subject to dismissal on the merits. Relator seeks recusal of Judge Hedrick based upon claims of bias and prejudice. Relator claims that Judge Hedrick's affiliation with the State of Ohio compromises his ability to be impartial in the eviction proceedings, potentially subjecting him to pressures from the State of Ohio by virtue of his position. However, mandamus will not lie to remove a judge for bias. *State ex rel. Siemientkowski v. Gallagher*, 2003-Ohio-3543, ¶ 6, (8th Dist.). The proper remedy for removing a judge for bias is the filing of an affidavit of disqualification with the Supreme Court of Ohio pursuant to R.C. 2701.03. Thus, relator has a specific adequate remedy via an affidavit of disqualification filed with the Supreme Court of Ohio to address issues of judicial bias and prejudice. *State ex rel. Smith v. MacKey*, 2024-Ohio-4643, ¶ 33 (10th Dist.) (magistrate's decision).

{¶ 18} Finally, the magistrate notes that relator's petition does not raise any claims against Judge McCallister, Judge Hummer, and Magistrate Sparks; prays for no relief from these respondents; and does not even mention these respondents in the petition beyond naming them in the case caption. Therefore, dismissal of the petition as it relates to these respondents is also warranted.

{¶ 19} Accordingly, it is the magistrate's decision that this court should grant respondents' motion to dismiss relator's petition for writ of mandamus. Relator's October 11, 2024, motion for immediate action, and his November 6, 2024, motion to exercise and claim constitutional rights are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.