## NATIONAL ACCIDENT AND HEALTH INSURANCE CO v EDREZ

Ohio Appeals, 9th Dist, Summit Co

No 2437. Decided March 29, 1935

Hutchison & Firestone, Akron, for plaintiff in error.

J. A. Dean, Akron, and James V. Sawyer, Akron, for defendant in error.

## OPINION

By FUNK, PJ.

Nowhere in the record, including the written proof of sickness and disease furnished defendant, and the letters of plaintiff's attorney to defendant, is there any evidence to show that there was any claim that Sacker's death was caused by accident, or that defendant was at any time informed, prior to the filing of the petition, that said Sacker had an accident of any kind which caused his sickness and death, unless such inference as might be drawn from the mere fact that plaintiff's attorney was claiming that plaintiff had a right to recover under the accident provisions of said policy, may be said to have given defendant such information, which we think it did not do.

Instead of furnishing, or attempting to furnish, defendant with proof of death by accident, as requested, and thereby giving defendant an opportunity to determine whether or not it would allow plaintiff's claim under the accident provisions of the policy, plaintiff filed his petition in the Common Pleas Court, asking judgment for $660 for death by accidental means under the accident clause of the policy, upon the theory that, as the company had had a local representative investigate the facts surrounding the sickness and death of said Sacker and the plaintff had furnished the information requested by defendant to complete the sickness claim filed by said Sacker prior to his death, including an order on the hospital in which said Sacker died, to give defendant a copy of the hospital record pertaining to said Sacker, gave defendant all the information it was entitled to, and that it was not necessary for plaintiff to file a proof of death under the accident provisions of the policy.

We cannot agree with this position.

The case was tried upon the petition, the insurance company's amended answer, and a reply thereto of general denial. The jury returned a verdict for plaintiff for the full amount. Motion for a new trial was duly filed and overruled, and the cause is in this court on a petition in error.

The petition alleged in substance that all the provisions of the policy had been complied with to entitle plaintiff to recover, and that, on Nov. 30, 1932, while said policy was in force and while said Sacker was "lifting a wash machine † * * and as a result thereof, accidentally sustained a rupture or hernia, from which he died on December 13, 1932, the sole cause of said hernia being said strain or lift."

Defendant in its amended answer set forth seven defenses, among which is the defense that plaintiff did not comply with the conditions precedent of the policy necessary to entitle him to recover, in this, that he failed and refused to file written notice of the claimed injury and proof of death by accidental means, and that defendant did not waive those provisions of the policy.

One of the standard provisions of the policy is that—

"4. Written notice of injury or of sickness on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the company."

Another standard provision is that—

"7. Affirmative proof of loss must be furnished to the company * * * within ninety days after the date of such loss."

Another provision of the policy is that—

"Strict compliance with all the provisions and requirements of this policy is a condition precedent to recovery hereunder and failure in this respect shall forfeit to the company all right to any indemnity."

As hereinbefore set forth, the uncontradicted evidence shows that the only notice furnished defendant was of sickness and disease, without any reference to an accident. There is no evidence in the record that plaintiff or anyone in his behalf gave defendant notice at any time that said Sacker suffered an injury from accident, or furnished defendant any proof of death from external, violent and accidental means.

The record also fails to disclose any evidence that said insurance company, at any time prior to the filing, on May 4, 1933, of its answer to plaintiff's petition, denied liability to plaintiff under the accident provisions of said policy, nor is there any evidence that defendant waived any of the conditions precedent in the policy necessary to plaintiff's right to recover under the

policy, but on the contrary the record shows that defendant merely asked that plaintiff furnish proof of death of said Sacker under the accident provisions of said policy if plaintiff claimed that Sacker's death was the result of accident within the meaning of the policy, and that defendant at all times reserved the right to determine whether or not it would allow such claim, if and when such purported proof of claim had been furnished to it.

As the record clearly shows that the "conditions precedent" of the policy, necessary to entitle plaintiff to recover, had not been complied with, and there being no evidence showing a waiver of compliance with those provisions of the policy, the judgment is not supported by the evidence in that respect, and must therefore be reversed as being contrary to law; and as the evidence is uncontradicted on that subject, and as no conflicting inferences can reasonably be drawn therefrom, final judgment will be entered for defendant in this case.

This conclusion renders the other errors complained of unimportant, and it is accordingly unnecessary to pass upon them.

STEVENS and WASHBURN, JJ, concur in judgment.