[Cite as *Andrews v. Nationwide Mut. Ins. Co.*, 2012-Ohio-4935.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97891**

## STANLEY ANDREWS, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## NATIONWIDE MUTUAL INSURANCE CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-756463

**BEFORE:** Celebrezze, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**ATTORNEYS FOR APPELLANTS**

James M. Kelley, III
Arthur M. Elk
David J. Elk
Peter D. Traska
Elk & Elk Co., L.P.A.
6105 Parkland Boulevard
Suite 100
Mayfield Heights, Ohio   44125

Donna A. Evans
Dennis E. Murray, Jr.
Florence J. Murray
John T. Murray
Leslie O. Murray
Margaret M. Murray
Dennis E. Murray, Sr.
Patrick G. O'Connor
Murray & Murray Co., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio   44870

**ATTORNEYS FOR APPELLEES**

Robert S. Faxon
Katie M. McVoy
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio   44114

Daniel F. Attridge, P.C.
Thomas A. Clare, P.C.
Rebecca A. Koch
Kirkland & Ellis, L.L.P.
655 Fifteenth Street, N.W.
Suite 1200

Washington, DC   20005                                                    -continued-

**ATTORNEYS FOR AMICUS CURIAE**
**ASSOCIATION OF OHIO LIFE INSURANCE COMPANIES**

Anne Marie Sferra
Faith M. Williams
Bricker & Eckler, L.L.P.
100 South Third Street
Columbus, Ohio   43215

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiffs-appellants, Stanley Andrews and Donald C. Clark (collectively "appellants"), appeal the judgment of the Cuyahoga County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendants-appellees, Nationwide Mutual Insurance Company and Nationwide Life Insurance Company (collectively "Nationwide"). After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶2} In 1992 and 1947, respectively, appellants Andrews and Clark entered into written life insurance contracts with Nationwide. On their face, appellants' insurance contracts expressly provide that Nationwide is required to pay death proceeds to the beneficiary of the policy on receiving "due" or "satisfactory" proof of the insured's death.[1] In addition to these provisions requiring "receipt" of proof of death, appellants' insurance contracts contain terms permitting Nationwide to investigate the insured's death before paying death benefit proceeds. Specifically, the insurance contracts allow Nationwide to investigate, among other things, whether the insured committed suicide, whether the death benefit must be reduced by unpaid premiums or indebtedness, and whether there has been any misrepresentation of the insured's age or sex. These provisions are specifically designed to avoid fraud.

---

[1] In Ohio, all life insurance policies are required to include a provision stating that "when a policy becomes a claim by the death of the insured, settlement shall be made upon receipt of due proof of death, or not later than two months after receipt of such proof." R.C. 3915.05(K). Thus, payment is not due merely on the death of an insured, but, rather, on "receipt of proof of death."

{¶3} When claims on a life insurance policy can be brought due to an insured's death and satisfaction of other policy requirements, some unaware beneficiaries fail to file claims, resulting in benefit proceeds going unpaid.

{¶4} Appellants filed this class action complaint against Nationwide on May 31, 2011, seeking injunctive and declaratory relief. Their complaint alleges that Nationwide has breached its duty of good faith and fair dealing by failing to make reasonable attempts to determine when the beneficiaries of a life insurance policy are entitled to death benefit proceeds.[2] As a result, appellants now seek to force Nationwide to search the Death Master File[3] (hereinafter referred to as "the DMF") and independently determine on an annual basis whether members of the purported class have died prior to Nationwide receiving proof of death from beneficiaries or claimants. Appellants contend that by doing this, Nationwide will be meeting their duties of good faith and fair dealing by determining which of its policy holders are deceased, and thereby determining when

---

[2] Appellants' purported class is defined as: "Policy holders of life insurance policies, which 1) are currently in force or have been wrongfully cancelled by [Nationwide] prior to the payment of death benefits, 2) were held within the period that commenced 15 years prior to the filing of this action, 3) were issued by [Nationwide], 4) where the premiums were either a) paid up, or b) the accumulated cash value of the policy was used to make ongoing premium payments, and 5) where the insureds' age at any time during which the policies were in force actuarially indicated a 70% probability of death, or such lesser probability of death as the Court should order."

[3] The Death Master File is a computer database file made available by the United States Social Security Administration. The file contains information about persons who had Social Security numbers and whose deaths were reported to the Social Security Administration from 1962 to the present.

beneficiaries of the appellants and other class members are rightfully entitled to death benefit proceeds.

{¶5} On July 13 2011, Nationwide moved to dismiss on four grounds: (1) appellants' lack of standing; (2) appellants' failure to state a legally cognizable claim under the plain terms of their insurance contracts and Ohio law; (3) appellants are inadequate representatives of the class because they lack the requisite element of common interest and injury; and (4) appellants' complaint failed to allege facts in support of material elements of each alleged cause of action.

{¶6} By order entered on January 23, 2012, the trial court granted Nationwide's motion to dismiss, finding that (1) appellants lacked the requisite standing to file this action, and (2) the claims alleged in appellants' complaint were barred by the plain language of their insurance policies.

{¶7} Appellants appeal the judgment of the trial court, raising three assignments of error for review:

> I.  The trial court erred in concluding that the terms of plaintiffs' life insurance contracts create a clear and unambiguous condition precedent which precludes the use of readily available electronic databases.
>
> II.  The trial court erred in concluding that plaintiffs lack standing to seek declaratory and injunctive relief as to Nationwide's refusal to make the same inquiry of its life insureds as it does for the payees of its annuities.
>
> III.  The trial court should have allowed for a complete development of the record.

Law and Analysis

**{¶8}** In challenging the trial court's dismissal pursuant to Civ.R. 12(B)(6), appellants argue that the court erred in concluding that the terms of their life insurance contracts create a clear and unambiguous condition precedent. Further, appellants contend that the trial court erred in concluding that they lack standing to seek declaratory and injunctive relief as to Nationwide's refusal to utilize the DMF.

**{¶9}** Assuming, without finding, that appellants have standing to bring this class action, we find that the trial court did not err in granting Nationwide's motion to dismiss based on the express terms of appellants' life insurance contracts.

Standard of Review

**{¶10}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In order for a trial court to grant a motion to dismiss for failure to state a claim on which relief can be granted, it must appear "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 1970 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin,* 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

**{¶11}** In ruling on a Civ.R. 12(B)(6) motion, a trial court "'cannot resort to evidence outside the complaint to support dismissal [except] where certain written

instruments are attached to the complaint.'" *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324, ¶ 29 (7th Dist.). Rather, "[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56." *Id.* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156, 447 N.E.2d 1285 (1983).

{¶12} An appellate court employs "a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6)." *Grey* at ¶ 3, citing *Greeley v. Miami Valley Maint. Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Under de novo analysis, we are required to "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Grey* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶13} Here, the trial court granted Nationwide's motion to dismiss based on the language in the life insurance contracts underlying appellants' claims. The life insurance contracts are attached to appellants' complaint and, therefore, could be considered by the trial court for purposes of Nationwide's Civ.R. 12(B)(6) motion. *Brisk*; *Miller v. Cass*, 3d Dist. No. 3-09-15, 2010-Ohio-1930 (a copy of a written instrument attached to a pleading is a part of the pleading for all purposes and thus can be considered for purposes of a motion to dismiss); *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, ¶ 34 ("If the plaintiff decides to attach documents to his complaint, which he claims

establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim"). Thus, to the extent the language in the purported life insurance contracts clearly foreclose appellants' claims against Nationwide, the trial court could properly dismiss those claims under Civ.R. 12(B)(6). *Denlinger v. Columbus*, 10th Dist. No. 00AP-315, 2000 Ohio App. LEXIS 5679 (Dec. 7, 2000). *See Allstate Ins. Co. v. Blaum*, 4th Dist No. 1490, 1988 Ohio App. LEXIS 4800 (Dec. 2, 1988) ("if a written instrument is attached to the complaint, it should be construed together with the averments of the complaint in determining whether there is any possible set of facts which would entitle the plaintiff to relief").

Appellants' Life Insurance Contracts

**{¶14}** An insurance policy is a contract, and the relationship between the insurer and the insured is purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 109, 472 N.E.2d 1061 (1984). The interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally. *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347 (1982); *Value City, Inc. v. Integrity Ins. Co.*, 30 Ohio App.3d 274, 276, 508 N.E.2d 184 (10th Dist.1986).

**{¶15}** In insurance policies, as in other contracts, words and phrases are to be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention. *Olmstead v. Lumbermens Mut. Ins. Co.*, 22 Ohio St.2d 212, 216, 259 N.E.2d 123 (1970). Where the provisions of an insurance policy are

clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties. *Gomolka* at 168.

{¶16} However, where the provisions of a contract of insurance are reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), paragraph one of the syllabus.

{¶17} In the case at hand, appellants argue that the trial court erred in concluding that they were "foreclosed from pursuing this class action based on the express terms of the parties' life insurance contracts and Ohio law." Specifically, appellants contend that their insurance policies fail to identify who is required to provide "proof of death" and are thereby ambiguous. Thus, appellants submit that the trial court was required to look beyond the four corners of the complaint to determine the plain meaning of the disputed life insurance provision, a procedure improper in determining a Civ.R. 12(B)(6) motion. For the following reasons, we disagree.

{¶18} The operative contract provisions, in this case, between Nationwide and appellants are expressly contained in the parties' insurance contracts. Andrews's insurance contract states, in relevant part:

> We agree to pay the Death Proceeds to the Beneficiary ***upon receiving proof*** that the Insured has died while this Policy is in force and before the Maturity Date.
>
> * * *

[Nationwide] will pay the Death proceeds to the Beneficiary ***after we receive at our Home Office proof of death*** satisfactory to us and such other information as we may reasonably require. (Emphasis added).

Similarly, Clark's contract provides, in relevant part:

Insurance Company Columbus, Ohio AGREES TO PAY the sum of ONE THOUSAND (1,000) Dollars Less any unpaid premium or premiums to the end of the then current policy year, and less any indebtness on or secured by this Policy To ELLEN FISHER CLARK, Mother, if living; Otherwise to JOHN LAWRENCE CLARK, Father, the Beneficiary, at its Home Office, immediately ***upon receipt of due proof of death*** of DONALD CHARLES CLARK, the Insured, during the continuance of this Policy. (Emphasis added).

**{¶19}** After review of the pertinent contract provisions, we find no merit in appellants' assertion that their life insurance contracts are ambiguous because the contracts "are silent as to the party upon whom the responsibility for providing proof falls." The terms "receipt" and "receiving" demonstrate Nationwide's passive role in establishing an insured party's proof of death; they do not connote an obligation to procure such information. *Webster's New Collegiate Dictionary* 964 (1990) ("Receipt" is defined as "the act or process of receiving"). Thus, a finding obligating Nationwide to solicit or gather information pertaining to an insured's death would be contrary to the terms contained in the insurance policy.

{¶20} Moreover, Ohio law indicates that the burden of furnishing proof of death lies with appellants' beneficiaries or claimants. In a related case dealing with automobile insurance, the court held that "the policyholder who believes that he or she is entitled to reimbursement must make the insurance company aware of the claim and give it the opportunity to pay." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207. Similarly, the Sixth Circuit has observed that, "[u]nder traditional principles of contract law * * * the notice provision of an insurance policy creates a condition precedent, non-compliance with which precludes recovery by the insured." *Am. Emps. Ins. Co. v. Metro Regional Transit Auth.*, 12 F.3d 591, 592 (6th Cir.1993), citing *Kornhauser v. Natl. Sur. Co.*, 114 Ohio St. 24, 150 N.E. 921 (1926).

{¶21} In evaluating the "proof of death" provision in appellants' insurance contracts, the trial court relied on *Natl. Acc. & Health Ins. Co. v. Edrez*, 19 Ohio Law Abs. 202, 1935 Ohio Misc. LEXIS 1321 (9th Dist.1935). In *Edrez,* the court dealt with a similar complaint based on a similar insurance contract provision. In *Edrez*, the plaintiff failed to submit proof of death according to the requirements of his accidental death insurance policy. As a result, the defendants did not pay out benefits on the policy. Like the present case, the plaintiff argued that it was not necessary for him to file a proof of death under the accident provision of the policy. The *Edrez* court relied on the life insurance contract, which provided, in relevant part:

> 4. Written notice of injury or of sickness on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability

from such sickness. In event of accidental death immediate notice thereof must be given to the company.

**{¶22}** The *Edrez* court found that this provision of the life insurance contract required the beneficiary to provide proof of death to the insurer as a condition precedent for the claim to be honored. Because the plaintiff did not comply with this condition precedent, the court entered final judgment in favor of the defendants.

**{¶23}** In challenging the application of *Kincaid* and *Edrez* to the case at hand, appellants contend that life insurance policies are distinguishable from other forms of insurance policies because, unlike automobile or accidental death insurance policies where the triggering event is not certain to occur, the death of a party with a life insurance policy is certain to occur. While we understand that the death of an insured party is an inevitable fact, we are not persuaded that such certainty places an additional duty on Nationwide beyond what is expressed in the life insurance contracts, and appellants provide no case law to support such a proposition. *See DeHart v. Aetna Life Ins. Co.*, 8th Dist. No. 42932, 1982 Ohio App. LEXIS 13478 ( July 15, 1982) (finding the insurer had no implied duty to inform insureds on reaching an age where they were likely disabled that the insureds had a right to stop making premium payments if disabled).

**{¶24}** Accordingly, we find that, as in *Kincaid* and *Edrez*, appellants' life insurance contracts create a clear and unambiguous condition precedent, in accordance with Ohio law, that requires, among other things, that appellants provide Nationwide with proof of death for their life insurance claims to be honored. It is clear from the contracts, as well as from the case law, that the standard language used places the burden on the

claimant or the beneficiary to produce the proof of death. In the absence of legislative or administrative regulatory action, we will not import additional unspoken duties and obligations onto Nationwide that will conflict with the parties' contracted terms.

### The Duty of Good Faith and Fair Dealing

{¶25} We further find no validity to appellants' allegations that Nationwide has breached the implied covenant of good faith and fair dealing by failing to utilize the DMF for the benefit of its life insureds.

{¶26} Under Ohio law, because a fiduciary relationship exists in the context of insurance contracts, the insurer has a duty to act in good faith in handling the claims of the insured. *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 275, 452 N.E.2d 1315 (1983). Such duty is grounded on the fundamental principle that in every contract there is an implied covenant "that neither party shall commit any act that shall destroy or injure the rights of the other party to enjoy the fruits of the contract." *Anthony's Pier Four, Inc. v. HBC Assoc.*, 411 Mass. 451, 471, 583 N.E.2d 806 (1991), quoting *Druker v. Roland Wm. Jutras Assoc., Inc.*, 370 Mass. 383, 385, 348 N.E.2d 763 (1976).

{¶27} A violation of this covenant usually requires more than a simple breach of contract. *Targus Group Internatl., Inc. v. Sherman*, 76 Mass.App.Ct. 421, 435, 922 N.E.2d 841 (2010). Usually, a breach of the covenant involves bad-faith conduct "implicating a dishonest purpose, consciousness of wrong, or ill will in the nature of fraud." *Id.*, quoting *Equip. & Sys. for Indus., Inc. v. Northmeadows Constr. Co.*, 59 Mass.App.Ct. 931, 932-933, 798 N.E.2d 571 (2003). However, the covenant is limited

in scope and cannot create rights and duties not otherwise provided for in the contract. *Lawarre v. Fifth Third Secs.*, 1st Dist. No. C-110302, 2012-Ohio-4016, ¶ 35, citing *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957 (2004).

{¶28} As discussed, the provisions contained in appellants' life insurance contracts with Nationwide expressly require "receipt" of "proof of death," in compliance with R.C. 3915.05(K). Importantly, the contracts do not impose a duty on Nationwide to search the DMF to determine whether their insureds are deceased. Accordingly, we are unable to conclude that Nationwide has breached its duty of good faith and fair dealing by failing to incorporate the DMF into its account servicing practices when it is not contractually or legally obligated to do so.

{¶29} Based on the foregoing, we find that the trial court did not err in granting Nationwide's motion to dismiss. Appellants' first assignment of error is overruled. Therefore, the issue raised in appellants' second assignment of error regarding their standing to bring this action is rendered moot.

Discovery

{¶30} Finally, appellants argue that the trial court erred in preventing the complete development of the record in this matter. We disagree. As stated, the trial court did not err in granting Nationwide's motion to dismiss. Therefore, appellants were not entitled to develop the record through discovery.

{¶31} Appellants' third assignment of error is overruled.

**{¶32}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR