**GOLDHARDT, et al., Plaintiffs-Appellants, v. CURRY, et al., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3773.   Decided June 19, 1945.

. Richards & Richards, Columbus, and H. J. Gardner, Columbus, for plaintiffs-appellants.

Paul R. Gingher, Columbus, for defendants-appellees.

## OPINION

**BY THE COURT:**

Submitted on motion of defendants-appellees to require Rose Gardner, who has heretofore been made plaintiff-appellant, to give an appeal bond as provided for by §12223-6 GC, of Ohio. This appeal was originally perfected by H. J. Gardner, Administrator, and under §12223-12 GC no bond was given. After this appeal was perfected a motion was filed to make Rose Gardner a party plaintiff, and the same was sustained. Another motion was filed to dismiss H. J. Gardner, Administrator, as plaintiff-appellant, and the same was sustained as the Court found that the Administrator was no longer a party in interest. Since this motion was sustained, it leaves Rose Gardner as the sole plaintiff-appellant, and no appeal bond having been given, the motion is well taken and Rose Gardner, plaintiff-appellant, is ordered to give a bond as provided for by the aforesaid section of the General Code in the sum of $5000.00 within ten days from the date of filing of the entry. The plaintiff-appellant has suggested that the entire proceeding be dismissed or remanded to the Court of Common Pleas, as all of the proper parties were not in the Court below. This question will be considered only on motion or application. The bond is ordered filed in the Court of Common Pleas, Franklin County, Ohio.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.

## ON MOTION TO DISMISS

Decided June 19, 1945.

By MILLER, J.

Submitted on motion of the defendants to dismiss H. J. Gardner, Administrator, as plaintiff-appellant herein, for the reason that subsequent to the decision in this case in the Common Pleas Court the will of William Goldhardt was set aside by the Common Pleas Court of Franklin County, Ohio, and that said H. J. Gardner as Administrator is no longer a real party in interest in this action.

The record discloses that subsequent to the revival of his action in the name of H. J. Gardner, Administrator, the will of William Goldhardt was set aside by the Common Pleas Court of Franklin County, Ohio, and by such action the next of kin of the said William Goldhardt became the real parties in interest in this action.

It is well settled that real estate of a decedent descends directly to the heirs upon his death and the administrator or executor, in the absence of testamentary provision, has no right whatever with respect to such real estate until he has ascertained that the personal property is insufficient to pay debts. Under §10510-2 GC the power to sell real estate is not given to the administrator until he has ascertained that the personal property is insufficient to pay debts. No claim has been made that there are now any debts existing against the estate. Until this fact is shown the administrator has no interest in this litigation.

The motion to dismiss H. J. Gardner, Administrator, as a party plaintiff is sustained.

HORNBECK, P. J., and GEIGER, J., concur.

## ON MOTION TO SET ASIDE

Decided July 19, 1945.

BY THE COURT:

Submitted on motions of Clara Goldhardt and Rose Gardner, plaintiffs-appellants, to set aside the judgment heretofore rendered by the Court of Common Pleas, and that the cause be remanded to said Court for further proceedings, and that the said cause be revived in the names of the heirs at law of William Goldhardt, deceased.

The facts disclose that all the necessary parties to com-

plete the determination of this action were not made parties at the time of the original hearing. The action is one involving the title to real estate, and of course it is essential that all of the heirs be made parties. Those not parties to this litigation cannot be prejudiced by its outcome. An opportunity was given by this Court for these new parties to be made plaintiffs-appellants but they have not elected to do so.

Counsel for the appellants have cited no authority for the procedure requested and we are of the opinion that this Court has no authority at this stage of the proceeding to remand the cause to the Court of Common Pleas.

The motions are accordingly overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.

## ON MOTION TO DISMISS APPEAL

Decided September 20, 1945.

BY THE COURT:

Submitted on motion of the defendants-appellees to dismiss the appeal for the reason that neither of the remaining parties plaintiffs-appellants has furnished an appeal bond in accordance with the former order of this Court or §12223-6 GC of Ohio.

On July 18, 1945, this Court issued an order requiring the appellant to file an appeal bond in the sum of $5000.00 within ten days from this date. The bond was requisite to the appeal on questions of law and fact. This order not having been complied with, the motion is well taken. The appeal on questions of law and fact is ordered dismissed at appellant's costs.

The plaintiff has also filed a motion to set aside the judgment rendered in the Court of Common Pleas. This is a repetition of a former motion which was overruled on July 27, 1945, and the same is overruled.

It appearing that the appeal may not be tried on the facts, such appeal will be dismissed, but the cause will be retained on questions of law, and parties given time under Rule VII for the filing of briefs.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.