HACKMANN, Appellant,

v.

DAWLEY, Admr., et al., Appellees.

[Cite as *Hackmann v. Dawley* (1995), 105 Ohio App.3d 363.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE11–1641.

Decided July 18, 1995.

*Voelker & Voelker* and *Dirken T. Voelker*, for appellant.

*Schottenstein, Zox & Dunn* and *Kris M. Dawley*, for appellees Kris M. Dawley, Ancillary Administrator WWA of the Estate of Donald L. Plotnick, Natine Plotnick, Jonathan Plotnick, Debra Plotnick, Marc Plotnick and Howard Plotnick.

*O. Charles Hosterman*, for appellee United States of America.

*Betty D. Montgomery*, Attorney General, and *Geoffrey W. Arthur*, Assistant Attorney General, for appellee State of Ohio Department of Taxation.

*T. Garrett Ressing*, for appellee Lori Lynn Plotnick.

HOLMES, Judge.

This matter involves the appeal by Paul E. Hackmann, plaintiff-appellant, of a summary judgment granted by the Franklin County Court of Common Pleas to the defendants-appellees in an action seeking specific performance of a purchase contract for land owned by Donald L. Plotnick, who died before the sale was completed. The basis of the trial court's grant of summary judgment to the appellee heirs of Donald L. Plotnick and the fiduciary of the estate of Donald L. Plotnick was that the appellant had not filed a claim against the estate within one year after the death of the decedent, in accordance with R.C. 2117.06.

The facts giving rise to this matter before the trial court, and here, are that the appellant entered into a contract to purchase two adjacent parcels of real estate, one being 22.25 acres, and the other, 80.721 acres. As of the date of the contract, the Franklin County records showed title to the 22.25 acres (Parcel No. 1) to be vested in Michael J. Plotnick and Debra Lynn Plotnick. The contract stated: "Seller states he is 50% owner of Parcel # 1. Deed is in son Michael's name only for lien avoidance. Michael has confirmed this fact to Buyer." As of the date of the contract, the Franklin County records showed title to the 80.721 acres (Parcel No. 2) to be vested in Donald L. Plotnick and Natine Plotnick, his former wife. The contract provided that the purchase price for the property was to be $250,000, payment of which was to be made by the buyer transferring to the seller title to a 1958 Ferrari automobile.

The contract also contained other provisions, among which were: "Above terms of this contract subject to seller obtaining 100% ownership of property title. * * * Seller will not sell his 50% interest during this contract term except to Buyer at Buyer's request for $125,000.00 (One Hundred Twenty Five Thousand). * * * Seller agrees to use best efforts and good faith in the title acquisition. * * * Closing on or before August 10th, 1990, unless extended by buyer. * * * This contract shall be binding upon both parties, the seller and the purchaser, their heirs, executors or assigns, when approved by the owner of the property * * * above described."

The closing did not occur by August 10, 1990, and as permitted by the contract, appellant gave the seller four notices of extension, the last notice extending the time for closing to November 10, 1991. It reasonably appears that the purpose of these extensions was to allow the seller more time to acquire his former wife's interest in the property so that one hundred percent of the title could be sold to appellant.

Donald L. Plotnick died on May 21, 1991, prior to the expiration of the last contract extension. He died testate, a resident of Florida. On October 13, 1992, Kris M. Dawley was appointed as ancillary administrator WWA of the estate of

Donald L. Plotnick by the Franklin County Probate Court. Appellant asserts that he gave notice to the heirs and devisees of Donald L. Plotnick and to the ancillary administrator that he wished to complete the contract and was ready, willing, and able to do so. He also states that he received no response to such communications, after which this action was commenced.

The trial court entered summary judgment for the appellees on the basis that the appellant had not filed a claim against the estate, pursuant to R.C. 2117.06. Appellant appeals, setting forth two assignments of error:

"Assignment of Error No. 1

"The trial court erred in holding that a vendee's action for specific performance of a contract for the sale and purchase of real estate is barred one year after the death of the vendor if the vendee has not filed a claim pursuant to Ohio Revised Code Section 2117.06.

"Assignment of Error No. 2

"The trial court erred in overruling plaintiff's motion for summary judgment because there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law."

■ The major question presented here is whether the trial court erred in holding that a vendee's action for specific performance of a contract for the sale and purchase of real estate is barred one year after the death of the vendor if the vendee has not filed a claim against the vendor's estate, pursuant to R.C. 2117.06.

R.C. 2117.06 provides, in pertinent part:

"(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

"(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. * * *

"(B) All claims shall be presented within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period. * * *

"(C) A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to,

devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code, with reference to contingent claims."

At the outset, we conclude that the appellant is not a creditor of the estate of Donald L. Plotnick and, therefore, does not have a claim against the estate of Donald L. Plotnick. The appellant's status is not that of a creditor, but one who is asserting his claimed right to enforce a real estate purchase contract. The appellant has, accordingly, named as appellees, not only the devisees of the real estate under the will of Donald L. Plotnick but, also, the fiduciary of the estate, and also the creditors of the estate, being the United Bank & Trust N.A., the United States of America, and the state of Ohio, all of which were thought to hold liens against Mr. Plotnick and his estate.

The basic thrust of appellant's argument is that he had no claim against the estate of Donald L. Plotnick. Further, by virtue of the law of Ohio the ownership of real estate of a decedent passes at the time of death to the decedent's heirs, if he dies intestate, or to his devisees, if he dies testate. The appellant's action for specific performance had been brought against the devisees. This position of the appellant seemed quite reasonable, especially in light of R.C. 2107.33(E), which states:

"A bond, agreement or covenant made by a testator, for a valuable consideration, to convey property previously devised or bequeathed in a will, does not revoke the devise or bequest. The property passes by the devise or bequest, subject to the remedies on the bond, agreement, or covenant, for a specific performance or otherwise, against the devisees or legatees, that might be had by law against the heirs of the testator, or his next of kin, if the property had descended to them."

The law of Ohio is, as stated: The real estate of a decedent descends directly to his heirs or devisees, and the administrator or executor, in the absence of testamentary provision, has no right with respect to the real estate until he has ascertained that the personal property is insufficient to pay debts. *Goldhardt v. Curry* (App.1945), 44 Ohio Law Abs. 221, 63 N.E.2d 213. Here, the appellant reasonably argues that he had joined the fiduciary for the reason that the latter might assert a claim against the real estate or the proceeds of a sale, if there was not enough personalty to pay debts of the estate. However, the appellant asserts here that the fiduciary has failed to assert any such claim. It may be noted that the prayer of the complaint was not only that the contract be specifically performed but, also, that all appellees set forth any claim, lien, or interest which they may have or be forever barred therefrom.

We hold that the trial court erred in defining the nature of this action. It is an action by a vendee against the owners of real estate for specific performance of the contract. Those owners are individuals who are the heirs and devisees of the deceased contract vendor. As stated, the estate was made a party to this action because it would have a right to resort to the real estate or proceeds from any such sale of this real estate if there is not sufficient personalty in the estate to pay claims. There was no "claim" here which appellant had to present to the estate, pursuant to R.C. 2117.06. The trial court erred in holding that appellant's action for a specific performance of this real estate contract is barred by that statute.

Accordingly, the appellant's first assignment of error is hereby sustained, and the judgment of the Franklin County Court of Common Pleas, sustaining the appellees' motion for summary judgment is hereby reversed.

We overrule appellant's second assignment of error. There did exist a real estate purchase contract here by and between the appellant and Mr. Plotnick, and that contract allowed for and there were a number of extensions for a closing date. It is not readily apparent whether the vendee, who had extended this contract on four occasions, did in fact present himself ready and willing to close the purchase within the time of the last extension. There are other questions also to be answered by the trier of the fact, among which might be the issue of whether time was of the essence in the performance of this contract, by the contract itself, by the circumstances under which the contract was made, or other considerations that may affect the proper timing for closing. Here, it is argued by appellee heirs and devisees that even though the contract itself contained no express stipulation that a failure to present the purchase price on the express date for closure, would result in a rescission of the contract, equity will not decree performance where the time for closing has come and gone. However, we make no determination on the merits of the action for specific performance, or if this contract is now a viable one. We only have permitted a trial of that matter to the appellant.

Based upon the foregoing, the appellant's first assignment of error is hereby sustained, the second assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PETREE, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.