[Cite as *Wells Fargo Bank N.A. v. Bass*, 2023-Ohio-1405.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | |
| | : | |
| Appellee | : | C.A. No. 29686 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 01014 |
| | : | |
| JOHN DOE(S), NAME(S) UNKNOWN, | : | (Civil Appeal from Common Pleas |
| THE UNKNOWN HEIRS, DEVISEES, | : | Court) |
| LEGATEES, | : | |
| BENEFICIARIES OF VELMA LENNON | : | |
| AND THEIR UNKNOWN SPOUSES | | |
| AND CREDITORS; | | |
| AND THE UNKNOWN SPOUSE OF | | |
| VELMA LENNON, ET AL. | | |
| | | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 28, 2023

. . . . . . . . . . .

SAMANTHA J. CHUGH, Attorney for Appellee

LASHONDA LENNON BASS, Pro Se Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Appellant Lashonda Lennon Bass appeals from the trial court's order

granting summary judgment in favor of Appellee Wells Fargo Bank N.A. on its complaint

for foreclosure. For the reasons outlined below, the judgment of the trial court is affirmed.

## I.     Facts and Procedural Background

{¶ 2} Velma Lennon, decedent, executed a note and mortgage on real property located in Trotwood, Ohio, in September 2008. After Lennon died in 2019, payments on the note were not made, resulting in default and acceleration of the note. In March 2022, Wells Fargo filed its complaint for foreclosure against Lennon's unknown heirs, devisees, legatees, and beneficiaries, not seeking personal judgment on the note but seeking to enforce its security interest with foreclosure of the mortgage.

{¶ 3} Bass, as an heir to Lennon, filed an answer to Wells Fargo's complaint, admitting that she did not execute the note and mortgage and thus was not personally obligated on either instrument. Subsequently, Wells Fargo added Bass individually as a defendant in its action to ensure that all necessary parties were included. In October 2022, Wells Fargo sought summary judgment on its claims, and Bass did not respond to Wells Fargo's motion for summary judgment.

{¶ 4} In support of its motion for summary judgment, Wells Fargo submitted Kiante A. Wingate's affidavit, in which Wingate avowed that he was Vice President Loan Documentation for Wells Fargo; that Lennon had executed and delivered a promissory note and mortgage in September 2008; that Wells Fargo had been in possession of the note; that the note was indorsed in blank; that payments had not been made as required under the terms of the note and mortgage; that a notice of default letter, dated January 7, 2022, had been sent to Lennon by mail; that Lennon's default on the note had not been cured; that Wells Fargo or its agent accelerated the note, making the entire balance due;

and that the total amount due on the note through March 17, 2022, was $141,126.30. Based on the evidence, the trial court sustained Wells Fargo's motion for summary judgment on December 6, 2022, granting in rem judgment and decree in foreclosure.

{¶ 5} Bass filed her notice of appeal on January 5, 2023.

## II. Wells Fargo's Motion for Summary Judgment

{¶ 6} Bass raises the following four assignments of error:

THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT OF FORECLOSURE.

* * *

"The other error is that Lashonda Lennon Bass did not sign the mortgage or promissory note for the loan, Ms. Lennon Bass has never purchased a home, she does not want a foreclosure judgment to be attached to her when she has never purchased a home, this will make it impossible for her to do so.

* * *

It was error for the trial court to grant summary judgment in favor of Wells Fargo Bank, where the note and mortgage contract contained explicit condition precedent requirements for Wells Fargo Bank to issue a notice of default to Lennon-Bass the failure to provide such notice was raised by Lennon Bass in both his [sic] motion to dismiss the complaint and in his [sic] answer; default itself was not attached to the motion for summary judgment, nor produced at any other stage of the proceedings below.

\* \* \*

It was error for the trial court to sustain a motion for summary judgment where: Wells Fago [sic] failed to demonstrate that Lennon-Bass was in default and failed to prove the amount of principal and interest due on the note and mortgage.

\* \* \*

{¶ 7} When read in conjunction, Bass's assignments of error amount to one error, namely that the trial court erred in granting Wells Fargo's motion for summary judgment.

{¶ 8} Pursuant to Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates that there is (1) no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2d Dist. Montgomery No. 28814, 2021-Ohio-147, ¶ 22.

{¶ 9} "The burden of demonstrating that no genuine issues exist as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Accord*

*Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2d Dist. Miami No. 2020-CA-5, 2021-Ohio-394, ¶ 14. When the standard is met, summary judgment must be awarded as a matter of law. We review the trial court's ruling on a summary judgment motion de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

{¶ 10} "A mortgagee has three remedies available to enforce a mortgage or the obligation it secures: (1) an action on the debt or obligation secured by the mortgage; (2) an action to foreclose on the mortgage; and (3) an action in ejectment," which may be pursued either concurrently or successively. *Barnets, Inc. v. Johnson,* 12th Dist. Preble No. CA2004-02-005, 2005-Ohio-682, ¶ 14, citing 69 Ohio Jurisprudence 3d (2004) 371, 375 Mortgages and Deeds of Trust, Sections 256 and 260; *see also BAC Home Loans Servicing, L.P. v. Mowery Properties, Ltd.,* 10th Dist. Franklin No. 10AP-396, 2011-Ohio-1596, ¶ 15, citing *Fifth Third Bank v. Hopkins,* 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65, ¶ 15 (9th Dist.) ("Under Ohio law, a mortgagee has concurrent remedies upon breach of condition of a mortgage agreement; a mortgagee may 'sue in equity to foreclose' (i.e., an action in rem), or 'sue at law directly on the note' (an action in personam).").

{¶ 11} In general, to properly support a motion for summary judgment in a foreclosure action, a plaintiff must provide sufficient evidence demonstrating (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) all conditions precedent have been met; (4) the mortgagor is in default; and (5) the amount of principal and interest due. *Wachovia Bank of Del., N.A. v. Jackson*, 5th

Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶ 12} Under Ohio law, an action in foreclosure is an equitable action. *Natl. City Bank, NE v. Abdalla*, 131 Ohio App.3d 204, 210, 722 N.E.2d 130 (7th Dist.1999). "A mortgage is a conveyance of property to secure the performance of some obligation, which is designed to become void upon due performance thereof." *Barnets, Inc.* at ¶ 13, citing *Brown v. First Natl. Bank*, 44 Ohio St. 269, 274, 6 N.E. 648 (1886). "In Ohio, a mortgage is characterized by statute as a 'lien.' " *Id.* at ¶ 13, citing R.C. 5301.31, 5301.39 to 5301.41. A mortgage is usually executed to secure the payment of money, including indebtedness. *Id.*, citing *Kerr v. Lydecker*, 51 Ohio St. 240, 254, 37 N.E. 267 (1894).

{¶ 13} An action in foreclosure has been defined as "a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction." *BAC Home Loans Servicing* at ¶ 15, quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389, (1947). A suit to foreclose on property securing a debt is not a suit directly against the debtor but, rather, is an action "in rem." *Id.*, citing *United States v. Alvarado,* 5 F.3d 1425, 1429 (11th Cir.1993).

{¶ 14} The right of action of a mortgagee "is independent of the remedy given him by filing his claim in the probate court" because a foreclosure proceeding "is not one against an estate, nor is it one in personam," but, rather, "is in the nature of a proceeding in rem to enforce certain security specially set apart for the indemnity of the holder of the note." (Citation omitted.) *Id.* at ¶ 17. Although "the debt is evidenced by the promissory note of the mortgagor, * * * no judgment is asked against the estate either for

the debt, or any part of it." (Citation omitted.) *Id.* "The sole object sought is to reach the property mortgaged, and subject it to sale, and have the proceeds applied to the payment of the debt." *Id.*

{¶ 15} The real estate of a decedent "descends directly to his heirs or devisees." *Id.* at ¶ 16, citing *Hackmann v. Dawley*, 105 Ohio App.3d 363, 367, 663 N.E.2d 1342 (10th Dist.1995). "[I]n an action to foreclose a mortgage brought after the death of the mortgagor, the heirs and devisees of the mortgagor are necessary parties." *Rinehart v. Wilkes*, 10th Dist. Franklin No. 84AP-952, 1985 WL 10297, *2 (May 23, 1985), citing *Gary v. May*, 16 Ohio 66, 67 (1847).

{¶ 16} Bass asserts several arguments to support her assignments of error, including that she did not receive proper notice from Wells Fargo regarding a status update on this matter; that she did not execute the note or mortgage; that she was pursuing a loan modification with Wells Fargo; that Wells Fargo did not issue a notice of default to Bass and, thus, did not satisfy certain conditions precedent; that Wells Fargo did not provide evidence that Bass was in default; and that Wells Fargo did not prove the amount of principal and interest due on the note and mortgage.

{¶ 17} In granting Wells Fargo's motion for summary judgment, the trial court found that Lennon solely executed the subject promissory note and mortgage; that Lennon promised to make monthly payments on or before the date such payments were due; that the sums due under the note were accelerated in accordance with the terms of the note and mortgage; that the mortgage secured the amount due on the note; that payments required to be made under the note and mortgage were not made; that the note and

mortgage were in default for failure of payment; that the conditions of the mortgage were broken and absolute; and that Wells Fargo was entitled to have the equity of redemption and dower of the current title holders foreclosed. We agree with the trial court's findings.

{¶ 18} Wells Fargo filed a complaint for foreclosure in which it did not seek personal judgment but instead sought to enforce its security interest, to foreclose on the mortgage, and to recover the amount due on the note from the sale of the property. Wells Fargo never suggested that Bass was liable on the note and mortgage, and thus it was not required to issue a notice of default to Bass, as she was a non-borrower. In other words, the purpose of Wells Fargo's action was not to seek a personal judgment against Bass or the estate but, rather, it was in the nature of an in rem proceeding to reach the mortgaged property, subject it to sale, and have the proceeds applied as payment for the debt.

{¶ 19} In support of its motion for summary judgment, Wells Fargo set forth evidence establishing the elements to support its foreclosure claim by demonstrating that it was the holder of the note and mortgage; all conditions precedent had been met; Lennon, the decedent, had defaulted on the note and mortgage; and the amount of principal and interest due. Wells Fargo also set forth evidence that a notice of default letter had been sent to Lennon by mail. Bass did not offer any evidence in opposition to Wells Fargo's evidence and, in fact, did not even respond to Wells Fargo's motion for summary judgment, thereby failing to meet her reciprocal burden under Civ.R. 56(E).

{¶ 20} Under these circumstances, the trial court did not err when it entered summary judgment in favor of Wells Fargo.   Bass's assignments of error are overruled.

## III.    Conclusion

**{¶ 21}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.