[Cite as *Oasis Home Buyers, L.L.C. v. Estate of Thomas*, 2026-Ohio-487.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| OASIS HOME BUYERS LLC | : | |
| | : | C.A. No. 30524 |
| Appellant | : | |
| | : | Trial Court Case No. 2025 CV 00757 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas Court) |
| ESTATE OF ROBERT J. THOMAS ET AL. | : | |
| | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellees | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 13, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

ALEX J. CASTLE, Attorney for Appellant
RONALD J. KOZAR, Attorney for Appellee

TUCKER, J.

{¶ 1} Plaintiff-appellant Oasis Home Buyers, LLC ("Oasis") appeals from a summary judgment rendered against it on a claim for specific performance of a contract to purchase real estate. For the reasons set forth below, we affirm the trial court's judgment.

## I.      Factual and Procedural History

{¶ 2} Oasis is a business that buys and sells homes. On February 10, 2025, Oasis filed a complaint for specific performance against the Estate of Robert J. Thomas, Nicolaus Welz, and Noah Welz.[1] Oasis alleged that on October 10, 2024, it entered into a contract with Thomas to purchase real estate owned by Thomas and located at 2832 Comanche Drive, Kettering, Ohio. The complaint further alleged that Thomas died prior to closing on the contract. Thomas died intestate and unmarried. He was survived by two sons, Noah and Nicolaus Welz. Oasis alleged that it had no adequate remedy at law and requested specific performance of the purchase contract.

{¶ 3} Nicolaus and Noah Welz filed a joint motion for summary judgment on May 6, 2025, asserting that R.C. 2117.06 required Oasis to present its claim to the estate within six months of Thomas's death. They further argued that because an estate had not been opened, Oasis had been obligated to file an action to open an estate in order to preserve its claim. Oasis filed a response arguing that it was entitled to specific performance of the real

---

1. The complaint named various other defendants not relevant to this appeal.

estate contract regardless of whether it presented its claim to the estate within six months of Thomas's death.

**{¶ 4}** The trial court rendered summary judgment in favor of Noah and Nicolaus Welz, concluding that Oasis's failure to file a claim against Thomas's estate was fatal to its breach of contract cause of action.

**{¶ 5}** Oasis's timely appeal followed.

## II. Summary Judgment

**{¶ 6}** Oasis's assignment of error states:

The Trial Court Erred in Granting Defendant, Nicolaus and Noah Welz', Motion

for Summary Judgment in Holding Plaintiff-Appellant, in an Action for Specific

Performance, is a "Creditor" for the Purposes of R.C. 2117.06(c).

**{¶ 7}** Civ.R. 56(C) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party. *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2 (1982).

3

**{¶ 8}** Appellate courts use the de novo standard when reviewing summary judgment decisions. *GNFH, Inc. v. W. Am. Ins. Co.*, 2007-Ohio-2722, ¶ 16 (2d Dist.). This means "we apply the same standards as the trial court." *Id.* Given this, an appellate court independently reviews a trial court's decision and accords it no deference. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997).

### III.    Parties' Arguments

**{¶ 9}** In their motion for summary judgment, Noah and Nicolaus Welz argued that R.C. 2117.06(C) barred Oasis from pursuing its cause of action because it had failed to present its claim to the estate within six months of Thomas's death. They further argued that presentment was required even though no estate had been opened because Oasis had a legal mechanism for opening an estate for the purpose of presenting its claim. Oasis, in response, argued that R.C. 2117.06 did not bar its claim for specific performance because that cause of action was not against Thomas's estate but was instead an independent claim for relief against the Welz brothers.

**{¶ 10}** R.C. 2117.06(A) states that "[a]ll creditors having claims against an estate, including claims arising out of contract, . . . shall present their claims" in accordance with R.C. 2117.06. The statute further provides that all such claims "shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period." R.C. 2117.06(B). Finally, the statute states, "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributes." R.C. 2117.06(C). The statute does not set forth a definition of "creditor," and the parties have cited conflicting cases supporting their competing arguments.

4

{¶ 11} The Welz brothers cited *Raber v. Seiberling*, 1981 WL 4027 (9th Dist. June 17, 1981), in support of their argument on summary judgment. The *Raber* case, as here, involved a contract for the sale of land that was not closed prior to the death of the seller. Armin Raber and his son Phillip Raber entered into a contract whereby Armin agreed to sell Phillip a parcel of real estate. *Id.* at *1. Armin died prior to closing and an estate was opened. *Id.* Phillip instituted an action for specific performance "against the heirs of Armin Raber." *Id.* The trial court rendered summary judgment against Phillip. The court of appeals affirmed. *Id.* In doing so, the appellate court stated that a "creditor" for purposes of R.C. 2117.06 is defined as "all persons having rights in action against the decedent." *Id.*, quoting *Pierce v. Johnson*, 136 Ohio St. 95, 100 (1939). The court of appeals stated that "[u]nder this definition, [Phillip] [was] a creditor and [had to] present his claim within [the time limit set by] R.C. 2117.06." *Id.*

{¶ 12} Oasis relied on the holding of the Tenth District Court of Appeals in *Hackmann v. Dawley*, 105 Ohio App.3d 363 (1995). In that case, Hackmann and Plotnick entered into a contract where Hackman was to purchase real estate owned by Plotnick, but Plotnick died prior to closing. *Id.* at 365. Hackmann filed an action for specific performance of the contract. *Id.* at 366. The trial court granted summary judgment in favor of Plotnick's heirs and the fiduciary of his estate, holding that Hackmann's claim was barred because he had failed to present his claim in accordance with R.C. 2117.06. *Id.* The court of appeals reversed.

{¶ 13} The Tenth District noted that under Ohio law, "[t]he real estate of a decedent descends directly to his heirs or devisees, and the administrator or executor, in the absence of testamentary provision, has no right with respect to the real estate [unless and] until he has ascertained that the [estate] property is insufficient to pay debts." (Citation omitted.) *Id.* at 367. *See also Clark v. Beyoglides*, 2021-Ohio-4588, ¶ 30, 31, 34 (2d Dist.); *Wells Fargo*

5

*Bank, N.A. v Doe(s)*, 2023-Ohio-1405, ¶ 15 (2d Dist.). The court reasoned that the action for specific performance was not against the estate but against Plotnick's heirs as owners of the real estate. *Id.* Hackmann, therefore, was not a creditor of the estate and did not have to file a claim against the estate to preserve his cause of action for specific performance. *Hackmann* at 367-368. According to the Tenth District, Hackmann had filed a proper claim against Plotnick's heirs for specific performance of the real estate contract. *Id.*

### IV.    Analysis

**{¶ 14}** Determining whether Oasis was a creditor that had a claim against Thomas's estate is not without ambiguity, as highlighted by the above-discussed competing case law. Though the analysis of *Raber* is terse, the decision is an appropriate starting point to resolve the issue.

**{¶ 15}** *Raber* relied on the Ohio Supreme Court's decision in *Pierce*, which interpreted Section 10509-112 General Code, a predecessor statute to R.C. 2117.06. Section 10509-112 General Code stated, in relevant part, that "creditors shall present their claims to the executor or administrator within four months of appointment." *Pierce*, 136 Ohio St. at 97. Interpreting the statute, the Court in *Pierce* stated, "[T]he term creditor was used in a 'general sense, and includes all persons having rights of action against the decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made of the residuum freed from charges and incumbrances.'" *Id*. at 99, quoting *Favorite v. Booher's Admr.*, 17 Ohio St. 548, 553 (1867).

**{¶ 16}** The Ohio Supreme Court has since reaffirmed the requirement that a person having a right of action against a decedent must timely present his claim to the estate. *Embassy Healthcare v. Bell*, 2018-Ohio-4912, ¶ 28-29. As pointed out by the Walz brothers,

6

*Embassy Healthcare* cited *Raber* approvingly when discussing the rule that any person with a cause of action against a decedent must adhere to the presentment requirements of R.C. 2117.06. *Id.* at ¶ 28.

{¶ 17} A contract for the purchase of real estate "conveys no legal interest in the subject real property from [the owner to the purchaser]. Rather, it creates an equitable right in [the purchaser] to have the contract of sale performed, a right he may enforce against [the owner]." *Apostolakos v. Panagouleas*, 2002-Ohio-2166, *2 (2d Dist.). Thus, Oasis had a right of action against Thomas to enforce the Comanche Drive purchase contract. This would end the analysis absent the concept that "ownership of real estate passes at the time of death to the decedent's heirs . . . ." *Hackmann*, 105 Ohio App.3d at 367. However, "the issue of title passing [to heirs upon death] is something of a legal convenience. This is so because heirs would not actually receive [the] real property if [the] estate's assets were insufficient to pay creditors; instead, the property would have to be sold (and title would not legally pass)." *Clark*, 2021-Ohio-4588, at ¶ 33 (2d Dist.).

{¶ 18} Turning then to the pending case, we conclude that Oasis was a creditor that had a claim against Thomas's estate subject to the presentment requirements of R.C. 2117.06. We realize that Oasis was not a creditor with a traditional claim against Thomas's estate. But given the estate's potential interest in the Commanche Drive real estate, Oasis's right of action to enforce the sales contract made Oasis an estate creditor and triggered the presentment requirements of R.C. 2117.06. This conclusion is consistent with the generic, broad definition of a creditor adopted by the Ohio Supreme Court in *Pierce* and reaffirmed in *Embassy Healthcare*. And this conclusion aligns with the statute's purpose of promoting the early, final, and efficient settlement of estates. Oasis's assignment of error is overruled.

## V.    Conclusion

{¶ 19} Having overruled Oasis's assignment of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.